OPINION
{¶ 1} Appellant, Nawaz Ahmed, appeals two decisions of the Belmont County Court of Common Pleas, Probate Division. The first denied Ahmed's request for a writ of habeas corpus for a lack of jurisdiction and did not address a motion to show jurisdiction since an appeal was pending at the time the trial court considered the multi-issue motion. The second entry denied Ahmed's motion for a copy of his case docket and the final account filed by the conservator. Ahmed's current appeal challenges each of these decisions.
 {¶ 2} This court does not have jurisdiction to review the trial court's refusal to address Ahmed's motion to show jurisdiction since the trial court did not enter an order granting or denying the motion. The trial court's denial of Ahmed's request for a writ of habeas corpus was correct since Ahmed was not incarcerated in Belmont County at the time of the request. Finally, the appropriate remedy to compel compliance with the public records act is an action in mandamus, not an appeal. For these reasons, the trial court's decisions are affirmed.
 {¶ 3} Ahmed applied for the appointment of a conservator on January 26, 2000, and the trial court appointed Attorney Edward Sustersic as conservator with limited powers. The conservatorship was eventually terminated on March 16, 2001. Ahmed appealed from various orders issued during the conservatorship, including the one terminating it, on April 4, 2001. This court's opinion in that appeal was decided on June 16, 2003, in a decision styled In re Conservatorship of Ahmed, 7th Dist. Nos. 01 BA 13, 01 BA 48, 2003-Ohio-3272.
 {¶ 4} While that appeal was still pending, Ahmed filed two different documents. The first was a motion to show jurisdiction and complaint for habeas corpus. In his motion, Ahmed repeated the same basic arguments made to this court in his then pending appeal concerning the trial court's jurisdiction to maintain a conservatorship over him at any time. His complaint for a writ of habeas corpus was based on the alleged failure to comply with certain international treaties during his criminal trial. That document contained a return address indicating that Ahmed was incarcerated at the Mansfield Correctional Institute in Mansfield, Ohio. The second document Ahmed filed that day was a motion to provide him with a copy of his case docket and the final account filed by the conservator.
 {¶ 5} The same day Ahmed filed these documents, the trial court entered judgment on the various motions. In its first judgment entry, the trial court denied the writ, claiming a lack of jurisdiction and stated it would not address Ahmed's motion to show jurisdiction due to the pending appeal. In its second entry, the trial court denied Ahmed's motion for the copies of the docket and final account. Later, the trial court denied Ahmed's motion to reconsider those decisions.
 {¶ 6} In his first of four assignments of error, Ahmed asserts:
 {¶ 7} "Probate Court abused its discretion and erred to the prejudice of Appellany [sic] when it failed to rule upon and show its jurisdiction on the excuse that case is pending in the court of appeals, therefore probate court will not address the Motion [sic] to show jurisdiction."
 {¶ 8} While his previous appeal was pending, Ahmed moved the probate court to "show its jurisdiction". The probate court stated it would not address the motion since the appeal was pending. Ahmed argues this was error since a party can raise the issue of a court's subject matter jurisdiction at any time.
 {¶ 9} We cannot address the merits of this assignment of error since the decision being appealed from is not a final order. It is axiomatic that an appellate court does not have jurisdiction to review an order if that order is not a final, appealable order. In re Estate ofGeanangel, 147 Ohio App.3d 131, 2002-Ohio-850, ¶ 11. In this case, the trial court's decision is not even an order. It neither granted or denied Ahmed's motion. It merely stated it would not address the motion until this court resolved Ahmed's appeal. Since the decision being appealed from is not a final, appealable order this court cannot address the merits of Ahmed's argument. Ahmed's first assignment of error is meritless.
 {¶ 10} In his second assignment of error, Ahmed asserts:
 {¶ 11} "Probate Court erred and abused its discretion to the prejudice of appellant when it first claimed that probate court does not have jurisdiction to entertain a Complaint for habeas Corpus, and thus it is denied, and second when probate court court [sic] was requested to take notice of the law providing it jurisdiction by successive motion, probate court denied both motions, without a hearing and without stating any conclusions of law or fact and reson [sic] for its denials."
 {¶ 12} Ahmed argues that the probate court improperly concluded that it did not have jurisdiction to deal with his writ of habeas corpus. But it is clear from the record that the trial court's decision was correct. R.C. 2725.03 provides that when a person is an inmate in a correctional institution, "no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge." Ahmed's return address on the document asking for the writ is in Mansfield, Ohio, which is not within Belmont County. Since Ahmed was incarcerated in a county other than Belmont County, the probate court did not have jurisdiction to hear his writ. Accordingly, this assignment of error is meritless.
 {¶ 13} Ahmed's third and fourth assignments of error are related and will be addressed together. Ahmed asserts in order:
 {¶ 14} "Probate court abused discretion [sic] and violated its duty as clerk of his court, by denial of request to provide copy [sic] of case docket, for use in the pleading of various pleadings related to probate matters, and provide proof of filing of documents served upon probate court by an entry on the case docket as well as being record on appeal."
 {¶ 15} "Probate court abused its discretion and erred to perform its duty to serve upon ward of conservatorship, a copy of final account filed by conservator since April 2001, and also abused its discretion, and duty to require the conservator to serve the copy of his final account upon the competent adult ward of the illegally created conservatorship by frauds and collusions and malacious [sic] mischeif [sic] of conservator and probate judge."
 {¶ 16} Ahmed appeals the trial court's judgment which denied his request for a copy of the docket of this case and a copy of the final account filed by the conservator. He argues he has a clear right to these documents and that the trial court abused its discretion when it denied him access to these documents. However, mandamus, not appeal, is the appropriate remedy to compel compliance with Ohio's Public Records Act.State ex rel. Consumer News Serv., Inc. v. Worthington Bd. of Edn.,97 Ohio St.3d 58, 2002-Ohio-5311, ¶ 30; R.C. 149.43(C). Accordingly, these assignments of error are also meritless.
 {¶ 17} Since Ahmed's assignments of error are all meritless, the judgments of the trial court are affirmed.
Waite, P.J., and Donofrio, J., concur.