OPINION
{¶ 1} On July 5, 2001, Relator Nawaz Ahmed filed with this Court a petition seeking, in his words, a writ of mandamus or a writ of prohibition against Respondents J. Mark Costine, Edward Sustersic, Jayme Strauss, and Shirley Jenewein. In his 27 page petition, Relator does not relate his reason for seeking a writ of prohibition. He does, however, specify his reason for requesting a writ of mandamus, which is to "[command] the Respondents (sic) to do their duty of providing All (sic), any and every document in their possession and in files, control and custody (sic) regarding the matters in conservatorship * * * "so that the documents may be used both by Relator and by this Court on appeal. For the following reasons, relator's petition is denied.
 {¶ 2} This Court is quite familiar with this pro se Relator, as well as the facts surrounding this petition. See In reConservatorship of Ahmed, 7th Dist. Nos. 01 BA 13 and 01 BA 48, 2003-Ohio-3273. See, also, State ex rel. Ahmed v. Costine, 7th Dist. No. 02 BE 55, 2004-Ohio-562; In re Conservatorship ofAhmed, 7th Dist. No. 02 BE 67, 2003-Ohio-6274; State ex rel.Ahmed v. Marple, 7th Dist. No. 01 BA 23, 2002-Ohio-6898. As such, this Court is aware that the conservatorship was terminated in a March 28, 2001 order. The appeal of this order has also been decided. See In re Conservatorship of Ahmed, 2003-Ohio-3272.
 {¶ 3} It is firmly established that in order to qualify for a writ of mandamus, a petitioner has the burden to establish that the petitioner has a clear legal right to the relief requested, that the respondent has a clear legal duty to provide the relief, and that the petitioner lacks an adequate remedy in the ordinary course of law. See State ex rel. Fattlar v. Boyle (1998),83 Ohio St.3d 123, 124. "In order for an alternative remedy to constitute an adequate remedy at law, it must be complete, beneficial, and speedy." State ex rel. Natl. Elec. Contrs.Assn., Ohio Conference v. Ohio Bur. of Emp. Serv. (1998),83 Ohio St.3d 179, 183.
 {¶ 4} Initially it should be noted that there is nothing in the limited record before this Court to prove that there were in fact documents missing from the record. Relator painstakingly lists numerous documents, split into 19 categories, that he insists are being "withheld" from him so as to "obstruct review." However, most of these documents are not part of the record at all. Relator requests copies of letters written among the parties to the action, himself included. He also demands that Respondents provide "authority under law" and "legal authority" for various actions allegedly taken during the existence of the conservatorship. Relator also contends that the "Local Rules of Probate Court" are being withheld from him and the record and thus should be provided.
 {¶ 5} This is not the first time that Relator has presented this Court with claims that documents such as these are being withheld in this case. In State ex rel. Ahmed v. Costine, 2004-Ohio-562, this Court addressed this same contention in denying a motion to hold Respondent Strauss in contempt:
 {¶ 6} "App.R. 9(A) instructs what a record on appeal should be composed of, stating that `t]he original papers and exhibits hereto filed in the trial court * * * shall constitute the record on appeal in all cases.' In the list that he compiled, Relator contends that only one of these documents was file-stamped. As the other documents were not file-stamped, it necessarily follows that they were not filed with the court as part of the record of this case. Therefore, the issue of whether the documents that are not a part of the official record were in fact transmitted to this Court is inconsequential." Id. at ¶ 13.
 {¶ 7} This analysis also applies to the instant case. As was stated above, the majority of the documents Relator demands are not file stamped, and thus do not constitute the record. Inasmuch as they are not a part of the record, Relator cannot prove that he has a clear legal right to the documents and a writ of mandamus could not be issued to compel production. See State exrel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490.
 {¶ 8} The assertion that file-stamped documents were intentionally left out of the record is not a novel argument to this Court either. In the above mentioned motion for sanctions, this Court also addressed file-stamped documents that Relator claimed were purposely not included in the record of his case, saying:
 {¶ 9} "Relator made this same claim of an incomplete record repeatedly in the underlying case, mainly requesting extensions to file his brief in case number 01-BA-13 due to the allegedly incomplete record. In an August 27, 2002 journal entry, this court commented that Relator `alleges, but fails to demonstrate, how a full and complete record has not been afforded to him for his use in this appeal. An order of this Court issued August 1, 2002 directs the Clerk to provide appellant a complete record.' On September 30, 2002 the Court further stated that `[t]he Clerk of the trial court has submitted to the clerk of this Court the entire record on appeal. * * * Unless appellant can demonstrate that the clerk neglected to include a specific document which has been filed of record, no order to supplement will be issued by this Court.'
 {¶ 10} "Relator failed to make such a demonstration at a time when the record for the case was before this court. * * * [W]hile considering case number 01-BA-13 for which the record on appeal was sought by this action, this court had before it Relator's accusations * * * If the document was in fact missing from the record, this Court would have so noted and requested it of the clerk. However, as was stated above, this Court found no evidence that the complete record was not transmitted." State ex rel.Ahmed v. Costine, 2004-Ohio-562, at ¶ 14-15.
 {¶ 11} As this Court has previously issued decisions regarding Relator's allegations of hidden documents, and decided against Relator, it necessarily holds that Relator cannot now prove that he has a clear legal right to his request. "Where a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue."State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45, 47, citing State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 449; State ex rel. Nichols v. Cuyahoga Cty. Bd. ofMental Retardation Dev. Disabilities (1995),72 Ohio St.3d 205, 209. As Relator has unsuccessfully raised this issue several times before this Court, mandamus is not available to him now.
 {¶ 12} Moreover, even if this Court were examining this issue for the first time, Relator's claim would still fail. Relator cannot contend that he lacks an adequate remedy in the ordinary course of law, a necessary element for a writ of mandamus to issue. App.R. 9(E) addresses the very situation that Relator claims to be in, directing that:
 {¶ 13} "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the court and the record made to conform to the truth. If anything material to either party is omitted from the record * * * the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."
 {¶ 14} The Supreme Court has held that App.R. 9(E) and not mandamus is the proper vehicle to correct material omissions in the record on appeal. State ex rel. Hunter v. Cuyahoga Cty.Court of Common Pleas (2000), 88 Ohio St.3d 176, 177. Thus, Relator had a plain and adequate remedy in the form of App.R. 9(E). When an adequate legal remedy was available, regardless of whether it was used, mandamus is not available. See State exrel. Tran, 78 Ohio St.3d at 47.
 {¶ 15} Finally, as Relator provides absolutely no factual or legal support for his request for a writ of prohibition, that petition must be dismissed for lack of specificity upon which the court could make a determination.
 {¶ 16} For the above stated reasons, Relator's petition for mandamus and prohibition is dismissed. Costs of this proceeding taxed against Relator.
 {¶ 17} Final order. Clerk to serve notice as provided by the Civil Rules.
Donofrio, Vukovich and DeGenaro, JJ., concur.