OPINION
{¶ 1} Appellant Nawaz Ahmed appeals the decision of the Belmont County Probate Court which denied his motion to hold a deputy probate court clerk in contempt and order her to file a complete record in various appeals. For the following reasons, the decision of the trial court is affirmed.
 {¶ 2} Ahmed was sentenced to death after being convicted of murdering his estranged wife, her father, her sister, and her two-year old niece. See State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190 (death penalty upheld). As a result of the criminal proceedings, Ahmed established a conservatorship in 2000, in order for his attorneyconservator to pay the various expenses incurred in the criminal case. We released a decision unfavorable to Ahmed on the merits of the conservatorship case, probate case number 00GD49. In re Conservatorship of Ahmed, 7th Dist. No. 01BA13, 2003-Ohio-3272. At the same time, we disposed of an appeal dealing with various postjudgment motions decided by the probate court.In re Conservatorship of Ahmed, 7th Dist. No. 01BA48, 2003-Ohio-3272. The Supreme Court refused to hear an appeal of our decisions in these cases.In re Conservatorship of Ahmed, 100 Ohio St.3d 1433, 2003-Ohio-5396.
 {¶ 3} Many of the post-judgment motions Ahmed filed in the probate court complained that the probate court failed to transmit the complete record to this court and urged the probate court to supplement the record with allegedly missing documents. We stated that the record on appeal does not consist of unstamped papers held by the conservator and that personal letters between Ahmed and the conservator need not be made part of the record. Id. at ¶ 46, 49. Regarding personal letters written by the court, the conservator, and the deputy clerk, we stated that the letters were not received by the court for filing and thus the court was not required to add them to the record as a correction. Id. at ¶ 50. We also noted that the probate court granted part of Ahmed's motion and sent us unstamped letters written by appellant to the probate court. Id. at ¶ 45. We noted that the purpose of App.R. 9(E) was to correct the record, not to add collateral matter and correspondence to the record. Id. at ¶ 53.
 {¶ 4} On this topic, Ahmed also filed a petition for a writ of prohibition to prevent the probate court from interfering with his appellate rights in the conservatorship case. He voluntarily dismissed this petition, but he filed postdismissal motions in this court for contempt and sanctions. For instance, he filed a "Motion to take judicial notice and hold deputy clerk Jayme Strauss in contempt for signing false affidavit and the respondent [probate judge] and his attorney for filing false affidavit." Ahmed claimed that the court failed to file a complete record in his conservatorship case and that the deputy clerk's affidavit, filed in support of the probate court's motion to dismiss the writ and stating that she filed the entire record in the conservatorship case, was false.
 {¶ 5} On February 4, 2004, we denied his motion. State ex rel. Ahmedv. Costine, 7th Dist. No. 02BE55, 2004-Ohio-562. We noted that App.R. 9(A) instructs that the record on appeal is composed of the original papers and exhibits thereto filed in the trial court. Id. at ¶ 13. We stated that in the list compiled by Ahmed, only one of the documents was file-stamped. Id. We also stated that the issue of whether documents that are not part of the official record were in fact transmitted to this court is inconsequential. Id.
 {¶ 6} We relied on our prior entries in other appeals stating that Ahmed failed to demonstrate the lack of a complete record. Id. at ¶ 14-15. For instance, prior to deciding 01BA13 and 01BA48, we stated that Ahmed alleged, but failed to demonstrate how a full and complete record has not been afforded to him for use in the appeal. Id. at ¶ 14, citing August 27, 2003 judgment entry. We also previously stated that the clerk of the probate court submitted to the clerk of this court the entire record on appeal and the record is not to be supplemented unless a document was filed but not transmitted. Id., citing September 30, 2002 judgment entry. We concluded that Ahmed failed to demonstrate an incomplete record at a time when the record was before the court. Id. at ¶ 15.
 {¶ 7} A month later, on March 14, 2004, this court denied Ahmed's other pending petitions for writs of mandamus and prohibition against the probate judge, his conservator, and two deputy clerks, Jayme Strauss and Shirley Jenewein (the deputy clerk targeted in this appeal). State exrel. Ahmed v. Costine, 7th Dist. No. 01BA30, 2004-Ohio-1369. In that case, Ahmed asked that we command the above parties to do their duty of providing to this court every document in their possession and custody regarding the matters of the conservatorship. Id. at ¶ 1.
 {¶ 8} We noted that he listed numerous documents, split into nineteen categories, which he insisted were being withheld. Id. at ¶ 4. For instance, Ahmed demanded production of letters written among the parties, himself included. Id. We held that most of the requested documents are not part of the record at all. Id. We also advised that this was not the first time Ahmed presented this court with claims that documents such as these are being withheld in his case. Id. at ¶ 5, citing State ex rel. Ahmed v. Costine, 7th Dist. No. 02BE55, 2004-Ohio-562. We reiterated that App.R. 9(A) defines the record on appeal as the papers and exhibits filed in the trial court. Id. at ¶ 6. We concluded that documents that are not file-stamped are not part of the record. Id. at ¶ 7. We also held that Ahmed's allegation that some file-stamped documents were omitted was disposed of pursuant to a previous decision by this court. Id. at ¶ 8-11. The Supreme Court affirmed our decision.State ex rel. Ahmed v. Costine, 103 Ohio St.3d 155, 2004-Ohio-4756.
 {¶ 9} On October 31, 2003, Ahmed filed a motion in the probate court in the conservatorship case, 00GD49. The motion sought to hold deputy clerk Shirley Jenewein in contempt for making false statements and to provide the record for appeal. He focused on the clerk's statement in appellate case number 03BE47, that "all original papers" were transferred, her statement in 03BE64, that all of the original papers and pleadings filed in 00GD49 have been previously submitted to the court of appeals and remain in their hands, and her accompanying reference to 02BE67, 03BE47, and 03BE58.
 {¶ 10} Ahmed's motion claimed that the clerk's statements were false because: (1) 03BE58 was an appeal from an estate case, not the conservatorship case; (2) the only filings relevant to 03BE64 are those made between the beginning of the conservatorship in January 2000 and an entry of April 3, 2000, but the appeal in 02BE67 only dealt with two motions from 2002; (3) the record in 03BE47 does not contain all of the relevant filings; and (4) all original papers are not included since papers not file-stamped or docketed were not included.
 {¶ 11} On October 31, 2003, the trial court denied Ahmed's motion. Ahmed filed the within appeal. On appeal, Ahmed claims that the probate court violated various statutes, rules, and constitutional provisions when it denied his motion to hold the deputy clerk in contempt and to transmit a complete record.
 {¶ 12} First, we must illuminate the fact that Ahmed has filed numerous appeals in the conservatorship case and has also filed some appeals in his murdered wife's estate case. He has filed numerous motions to compel the courts and their clerks regarding his claims that they are keeping documents out of the record even though he has been warned multiple times that personal letters are not part of the appellate record no matter how bad he wants them to be. Ahmed is well-known for his bombardment of the courts and their clerks with rambling complaints and accusations. Referring to an appeal of an estate case instead of one of the many appeals of the conservatorship case does not warrant holding a clerk in contempt or in accusing them of making a criminally false statement. In fact, the clerk simultaneously referred this court to two other appeals, both of which were taken from the conservatorship case.
 {¶ 13} Second, contrary to Ahmed's complaint, an appeal regarding motions filed in 2002 would contain the record relevant to a judgment entry filed in 2000. Third, when an appellant constantly files appeals in a terminated conservatorship case after filing numerous post-judgment motions, the clerk need not recreate a fresh and complete file of the conservatorship case for each appeal. If this court already has the record of the conservatorship case, the clerk need only transmit the additional items occurring since transmittal of the prior file for the prior appeal.
 {¶ 14} Fourth, if this court did not have the complete conservatorship file before us in order to determine 03BE47 or 03BE64, then the proper remedy is a motion in those appeals. Both of those appeals were dismissed by this court in the fall of 2003. In neither case did we find an incomplete file. In fact, we had what we held was a complete file in his 01BA13 and 01BA48 appeals; we kept that file for his 02BE67 appeal, and updated dockets and new filings were transmitted to this court to supplement that file; in that appeal, we reiterated that the file was complete; and we did not return the file and its seemingly constant supplements to the probate court until April 2004, well after we dismissed his appeals in the cases in which his current allegation is made, 03BE47 and 03BE64. Appellant's persistent failure in pursuing this file issue and the improper means he employs illuminate his need to either discontinue his futile personal crusade or hire counsel.
 {¶ 15} Appellant's complaints about hidden documents and failure to transmit documents that were not file-stamped have been addressed by the probate court and this court repeatedly. This court has resolved the issue adversely to the position sought by appellant in the direct appeal of the conservatorship and the appeal of the probate court's denial of various post-judgment motions. We have also refused his claims to add to the record in various original actions and motions filed within such actions.
 {¶ 16} Finally, we respond to Ahmed's claims that the probate court was required to certify the case to a common pleas judge under R.C. 2101.38
because the probate court was "interested" under R.C. 2101.38 since a deputy clerk he appointed is accused of making a false statement and the probate court is responsible for a clerk's default, malfeasance, and nonfeasance under R.C. 2101.11(C). Ahmed may have cited R.C. 2101.38 in a side caption; however, he never moved for (or mentioned) certification of the case to the common pleas court due to the probate court's alleged interest in the matter.
 {¶ 17} Regardless, Ahmed filed a motion for contempt in his conservatorship action. Yet, the deputy clerk was not a party to the conservatorship action; nor was she under any specific order, which is claimed to have been violated. Ahmed cites no authority for filing such a contempt motion in 00GD49; the authority he cites does not allow such a conclusion to be drawn. See R.C. 2101.23. Moreover, the probate court had no jurisdiction to adjudge violations of a criminal falsification statute. R.C. 2921.13 (A)(10).
 {¶ 18} Also, the probate court could deny the motion because it is not the proper tribunal to order compliance by others with appellate rules as requested by Ahmed; rather, this court enforces compliance with the appellate rules. As aforementioned, the claim set forth by appellant in his contempt motion was one to be raised in the appeal that allegedly was being based on an incomplete record. The claims of missing documents were previously decided by the probate court and this court, and the probate court could thus properly refuse to relitigate such issue due to our prior decisions.
 {¶ 19} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.