OPINION AND JOURNAL ENTRY
{¶ 1} Relator, Nawaz Ahmed, has filed a pro se complaint in mandamus against respondents, Belmont County Common Pleas Court Judge Jennifer Sargus and Clerk of Courts Randy Marple. Each respondent has filed a separate motion to dismiss.
 {¶ 2} In early 2001, relator was convicted of the aggravated murders of his estranged wife, Dr. Lubaina Ahmed, her father, Abdul Bhatti, and her sister and niece, Ruhie Ahmed and Nasira Ahmed, and sentenced to death. On direct appeal, the Ohio Supreme Court affirmed his conviction and sentence. State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190,813 N.E.2d 637, reconsideration denied by 103 Ohio St.3d 1496,2004-Ohio-5605, 816 N.E.2d 1081; certiorari denied by Ahmed v. Ohio
(2005), 544 U.S. 952, 125 S.Ct. 1703, 161 L.Ed.2d 531, rehearing denied by 545 U.S. 1124, 125 S.Ct. 2901, 162 L.Ed.2d 312.
 {¶ 3} Relator and his appointed counsel filed a petition for postconviction relief in the Belmont County Common Pleas Court which was subsequently denied. This Court affirmed the denial of his petition for postconviction relief. State v. Ahmed, 7th Dist. No. 05-BE-15, 2006-Ohio-7069.
 {¶ 4} On March 24, 2006, relator filed this mandamus action asserting a myriad of claims "in connection with post conviction proceedings in the trial court and related matters of personal property." (Complaint, ¶ 1.) Each respondent has filed a separate motion to dismiss pursuant to Civ.R. 12(B)(6).
 {¶ 5} In order to be entitled to a writ of mandamus a relator must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 663 N.E.2d 639,1996-Ohio-211. The burden is on the relator to establish the elements to obtain the writ. State ex rel. Dehler v. Sutula (1995),74 Ohio St.3d 33, 656 N.E.2d 332.
 {¶ 6} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the *Page 2 
allegations contained therein are true, that the relator can prove no facts which would warrant the relief sought. State ex rel. Bush v.Spurlock (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. To withstand a motion to dismiss, a complaint must contain, with sufficient particularity, a statement of the clear legal duty of the respondent to perform the act requested. State ex rel. Boggs v. Springfield LocalSchool Dist. Bd. of Ed. (1995), 72 Ohio St.3d 94, 95, 647 N.E.2d 788.
 {¶ 7} Mandamus is not the proper legal remedy to correct errors and procedural irregularities in the course of a case. State ex rel. Sims v.Griffin (Nov. 20, 2001), 8th Dist. No. 79029. "Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded." Id.
 {¶ 8} Before addressing each of relator's claims individually, it is important to state that relator has or had adequate remedies at law through appeal and postconviction relief for review of his claimed errors. See State ex rel. Jaffal v. Calabrese, 105 Ohio St.3d 440,2005-Ohio-2591, 828 N.E.2d 107, at ¶ 5. Therefore, each of relator's claims can be dismissed on that basis alone. Nevertheless, we will proceed to discuss each of relator's claims individually to further illustrate why they should be dismissed.
 {¶ 9} As highlighted by counsel for respondents, relator's complaint, when read as a whole, appears to set forth eight claims.
 {¶ 10} Relator's first claim is that respondent Clerk of Courts Marple failed to file the entire record in this Court in connection with the appeal of the denial of his petition for postconviction relief. (Complaint, ¶¶ 2, 3, 4, 5.)
 {¶ 11} Relator has failed to identify with any specificity which parts of the record were not submitted with the record on appeal. In addition, relator has failed to cite a clear legal duty on the part of respondent Clerk of Courts Marple to make a notation on the docket that the records have been received from the Ohio Supreme Court. Moreover, relator had adequate remedies at law with the appeal of the denial *Page 3 
of his postconviction petition to raise these issues.[1]
 {¶ 12} Relator's second claim is that respondent Judge Sargus failed to rule on the App.R. 9 motions regarding the record. (Complaint, ¶ 6.)
 {¶ 13} A relator seeking to compel a lower court to dispose of a motion or motions must file an action in procedendo, and not mandamus.State ex rel. Harrell v. Court of Common Pleas (May 13, 1999), 8th Dist. No. 76098. Relator here has filed an action in mandamus, not procedendo. Therefore, such relief is not presently available.
 {¶ 14} Relator's third claim is that respondent Clerk of Courts Marple failed to enter all of relator's pro se pleadings in the record. (Complaint, ¶¶ 8, 9, 10.)
 {¶ 15} On April 4, 2003, relator filed a pro se complaint against respondent Clerk of Courts Marple and his employees alleging that they should accept and file all of relator's pro se pleadings. The Court sustained their motion for summary judgment and dismissed relator's claims. State ex rel. Ahmed v. Sargus, 99 Ohio St.3d 1431,2003-Ohio-2902, 789 N.E.2d 111, reconsideration denied by99 Ohio St.3d 1516, 2003-Ohio-3957, 792 N.E.2d 202, certiorari denied by Ahmed v.Sargus, 540 U.S. 1154, 124 S.Ct. 1156, 157 L.Ed.2d 1050. Relator has already litigated this issue and, therefore, the matter is res judicata. See State ex rel. Mora v. Wilkinson, 105 Ohio St.3d 272, 2005-Ohio-1509,824 N.E.2d 1000, at ¶ 12-16; State ex rel. White v. Suster,101 Ohio St.3d 212, 2004-Ohio-719, 803 N.E.2d 813, at ¶ 8.
 {¶ 16} Relator's fourth claim is that respondent Judge Sargus has failed to file an order compelling the return of his property with the substitution of photographs for those items that were entered into evidence at his trial. (Complaint, ¶ 11.)
 {¶ 17} Relator apparently is seeking the return of "personal identity papers" which were admitted as evidence and exhibits in his trial. They include a passport, driver's license, last will, power of attorney, and social security card. *Page 4 
 {¶ 18} Relator has failed to cite a clear legal duty on the part of Judge Sargus to file an order compelling the return of relator's property. Even assuming those items are improperly being retained by the State, relator has or had an adequate remedy by filing a request or motion for the return of the property pursuant to R.C. 2933.43. Additionally, a writ of replevin also provides an adequate remedy to recover improperly seized property. State ex rel. Luke v. Corrigan
(1980), 61 Ohio St.2d 86, 399 N.E .2d 1208 and State ex rel. Jividen v.Toledo Police Department (1996), 112 Ohio App.3d 458, 679 N.E.2d 34. Relator has failed to identify with any specificity that he has made a formal request or motion for the return of those items.
 {¶ 19} Relator's fifth claim is that respondent Clerk of Courts Marple failed to cause the docket to reflect that Judge Sargus look at the record before she ruled on his postconviction petition. (Complaint, ¶ 12.)
 {¶ 20} Relator has failed to cite a clear legal duty on the part of respondent Clerk of Courts Marple to make a notation on the docket that Judge Sargus considered the record before entering her findings of fact and conclusions of law when ruling on relator's postconviction petition. Additionally, as we pointed out in our decision affirming the denial of relator's postconviction petition, the trial court's judgment entry specifically states that "the Court considered the record available to the Court in case no. 99-CR-192 [appellant's criminal case]," which indicated that it did have a copy of the file to consider. State v.Ahmed, 7th Dist. No. 05-BE-15, 2006-Ohio-7069, at ¶ 77.
 {¶ 21} Relator's sixth claim is that respondent Judge Sargus did not have the record before she ruled on the postconviction petition. (Complaint, ¶ 12.)
 {¶ 22} Relator advanced this same argument in the appeal of the denial of his postconviction petition. He argued that the trial court could not have conducted an independent review of the record and transcript as required by R.C. 2953.21(C) because the Ohio Supreme Court did not return the record to the trial court until March 10, 2005, two days after the trial court dismissed relator's petition. He also asserts that the trial court did not maintain a duplicate copy of the file; although he *Page 5 
offered no proof of this assertion.
 {¶ 23} We cited R.C. 2953.21(C) which provides in relevant part:
 {¶ 24} "Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."
 {¶ 25} We then noted:
 {¶ 26} "A review of the Supreme Court's docket reveals that appellant is correct; the Court did not return the case file to the clerk's office until March 10, 2005. However, our clerk's office maintains a duplicate copy of files that it sends to the Supreme Court so that the files are readily available to the trial court when needed. Thus, the trial court had a duplicate copy of the file to review. Additionally, the trial court's judgment entry specifically states that `the Court considered the record available to the Court in case no. 99-CR-192 [appellant's criminal case],' which indicated that it did have a copy of the file to consider. Furthermore, the judge who ruled on appellant's postconviction petition was the same judge who presided over his trial. Thus, the judge also had firsthand knowledge of the trial and surrounding proceedings in addition to the file." State v. Ahmed, 7th Dist. No. 05-BE-15, 2006-Ohio-7069, at ¶ 77.[2]
 {¶ 27} Relator's seventh claim is that respondent Judge Sargus erred in *Page 6 
accepting the prosecutor's proposed findings of fact and conclusions of law without checking with the newly-elected county prosecutor to determine whether he agreed with the proposed findings of fact and conclusions of law. (Complaint, ¶ 13.)
 {¶ 28} Relator has failed to cite a clear legal duty on the part of respondent Judge Sargus to check with the newly-elected prosecutor prior to her ruling on relator's postconviction petition. Any pleadings regarding relator's postconviction petition filed with the clerk and submitted to the court by the prosecutor (or an assistant prosecutor) are done so as an attorney representing the plaintiff, which in this case is the State of Ohio. The fact that a new attorney may be representing the State does not void all submissions made by the previous attorney. Substitution of counsel is a routine matter allowed by rule.
 {¶ 29} Relator's eighth claim is that respondent Judge Sargus failed to rule on the Ohio Public Defender's Motion to Withdraw from relator's postconviction case. (Complaint, ¶ 13.)
 {¶ 30} Relator raised this issue in his April 4, 2003 pro se complaint against various Belmont County officials, including Judge Sargus. As indicated earlier, the Court sustained the various respondents' motions for summary judgment and dismissed relator's claims. State ex rel. Ahmedv. Sargus, 99 Ohio St.3d 1431, 2003-Ohio-2902, 789 N.E.2d 111, reconsideration denied by 99 Ohio St.3d 1516, 2003-Ohio-3957,792 N.E.2d 202, certiorari denied by Ahmed v. Sargus, 540 U.S. 1154,124 S.Ct. 1156, 157 L.Ed.2d 1050. Therefore, relator is barred from relitigating this issue under the doctrine of res judicata. See State ex rel. Mora v.Wilkinson, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, at ¶ 12-16; State ex rel. White v. Suster, 101 Ohio St.3d 212,2004-Ohio-719, 803 N.E.2d 813, at ¶ 8.
 {¶ 31} For the foregoing reasons the respondents' motions to dismiss is sustained and this complaint is dismissed. Costs of this proceeding are taxed against relator.
 {¶ 32} Final order. Clerk to serve notice as provided by the civil rules.
Donofro, J. concurs. Waite, J. concurs. DeGenaro, P.J. concurs.
[1] As an aside, it is worth mentioning that relator has made similar claims in other cases before this Court, although unrelated to the present case. However, each time, this Court has dismissed those claims. See State ex rel. Ahmed v. Costine, 7th Dist. No. 01-BA-30,2004-Ohio-1369; State ex rel. Ahmed v. Costine, 7th Dist. No. 02-BE-55, 2004-Ohio-562.
[2] {¶ a} Although we did not mention it in State v. Ahmed, 7th Dist. No. 05-BE-15, 2006-Ohio-7069, S.Ct.Prac.R. XIX(4)(D), which governs death penalty appeals, provides:
{¶ b} "(1) Before transmitting the record to the Clerk of the Supreme Court, the clerk of the trial court shall make a copy of the record. A copy of the original papers, transcript of proceedings, and any documentary exhibits shall be made by photocopying the original papers, transcript of proceedings, and documentary exhibits. A copy of any physical exhibits may be made by either photographing or videotaping the physical exhibits. A copy of a video, audio or other electronic recording that is part of the record shall be made by making a duplicate recording.
{¶ c} "(2) The clerk of the trial court shall retain the copy of the record for use in any postconviction proceeding authorized by section2953.21 of the Revised Code or for any other proceeding authorized by these rules." *Page 1