CLEVELAND CONSTRUCTION, INC.

v.

VILLANUEVA, Judge.

[Cite as *Cleveland Constr., Inc. v. Villanueva,* 186 Ohio App.3d 258, 2010-Ohio-444.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94162.

Decided Feb. 8, 2010.

Daniel R. Wireman, for relator.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Barbara R. Marburger, Assistant Prosecuting Attorney, for respondent.

---

PATRICIA A. BLACKMON, Judge.

{¶ 1} Cleveland Construction, Inc. ("CCI"), the relator, commenced this original action in mandamus seeking an order, pursuant to R.C. 149.43, the Ohio Public Records Act, to compel Judge Jose A. Villanueva, the respondent, to provide access to certain correspondence that is part of the civil action captioned *Bradley v. Schneider*, Cuyahoga Cty. Court of Common Pleas case No. CV–548887. Judge Villanueva has filed a motion to dismiss, which we grant for the following reasons.

{¶ 2} The following facts, which are pertinent to this action, are gleaned from CCI's complaint for a writ of mandamus, the exhibits attached to the complaint, and the sworn affidavit attached to the complaint:

{¶ 3} (1) CCI is a Nevada corporation licensed to do business within the state of Ohio, with its principal place of business being located in Mentor, Ohio.

{¶ 4} (2) Judge Villanueva is an elected Judge of the Cuyahoga County Court of Common Pleas and presides over the civil action of *Bradley v. Schneider*, case No. CV–548887.

{¶ 5} (3) Judge Villanueva appointed Matthew L. Fornshell, who is a partner in the law firm of Schottenstein, Zox and Dunn, as a receiver in *Bradley*.

{¶ 6} (4) CCI, through a public-records request, obtained copies of invoices from Schottenstein, Zox and Dunn for work related to the receivership in *Bradley*.

{¶ 7} (5) Upon examining the invoices, CCI discovered that there were numerous correspondences exchanged between Judge Villanueva and Matthew L. Fornshell.

{¶ 8} (6) On August 13, 2009, CCI sent a letter to Judge Villanueva, via certified mail, requesting copies of the following: (a) all correspondence from Matthew L. Fornshell and/or Jonathon M. Yarger to Judge Villanueva, (b) all correspondence from Judge Villanueva to Matthew L. Fornshell and/or Jonathon M. Yarger, (c) all correspondence from Matthew L. Fornshell and/or Jonathon M. Yarger to Jude Nohra, and (d) all correspondence from Jude Nohra to Matthew L. Fornshell and/or Jonathon M. Yarger.

{¶ 9} (7) Judge Villanueva has failed to provide CCI with copies of any of the requested correspondence.

{¶ 10} (8) On October 28, 2009, CCI filed a complaint for a writ of mandamus, based upon the remedies provided in R.C. 149.43, in an attempt to obtain copies of the requested correspondence, statutory damages, and attorney fees.

{¶ 11} (9) On November 13, 2009, Judge Villanueva filed a motion to dismiss CCI's complaint for a writ of mandamus.

{¶ 12} (10) On December 4, 2009, CCI filed a brief in opposition to Judge Villanueva's motion to dismiss.

{¶ 13} (11) On December 15, 2009, Judge Villanueva filed a reply brief in support of the motion to dismiss CCI's complaint for a writ of mandamus.

{¶ 14} A motion to dismiss, premised on the failure to state a claim upon which relief can be granted, is strictly procedural and tests the sufficiency of the complaint.[1] When reviewing the complaint, this court is required to accept all material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party.[2]

{¶ 15} In order for this court to grant a motion to dismiss, premised upon the failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts that would allow for relief.[3] Thus, a complaint for a writ of mandamus is not subject to dismissal if the complaint alleges the existence of a legal right, the existence of a legal duty, and the lack of an adequate remedy at law with sufficient particularity to place the respondent on notice of the claim being asserted, and it appears that the relator can prove some set of facts that results in the requested relief.[4]

{¶ 16} CCI's complaint for a writ of mandamus is based upon the remedies provided under R.C. 149.43, the Ohio Public Records Act. In order for this court to issue a writ of mandamus, CCI must establish each prong of the following three-part test: (1) CCI possesses a clear legal right, pursuant to R.C. 149.43, to copies of the requested correspondence, (2) Judge Villanueva, pursuant to R.C. 149.43, possesses a clear legal duty to provide CCI with copies of the requested correspondence, and (3) CCI possesses no other adequate remedy in

---

1. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. See also Civ.R. 12(B)(6).

2. Id.

3. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

4. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 647 N.E.2d 788.

the ordinary course of the law.[5] In the case sub judice, CCI cannot establish entitlement to a writ of mandamus, pursuant to the remedies contained within R.C. 149.43.

{¶ 17} On January 12, 2009, the Supreme Court of Ohio amended the Rules of Superintendence for the Courts of Ohio by adopting Rules 44 through 47. The newly adopted Rules of Superintendence, which became effective on May 1, 2009, specifically deal with the procedures regulating public access to court records and supplant R.C. 149.43 vis-a-vis a request for public records as directed to an Ohio court.[6] Sup.R. 44 through 47 are applicable to all courts of appeal, courts of common pleas, municipal courts, and county courts in the state of Ohio.[7]

{¶ 18} CCI's complaint for a writ of mandamus is premised solely upon the remedies contained within R.C. 149.43. These remedies include a request for copies of correspondence, the maximum statutory penalty of $1,000, and attorney fees. CCI, however, possesses no legal right under R.C. 149.43 to copies of the requested correspondence, nor does Judge Villanueva possess any legal duty under R.C. 149.43 to provide CCI with copies of the requested correspondence. CCI's legal rights and Judge Villanueva's legal duties, with regard to copies of the requested correspondence, are controlled by Sup.R. 44 through 47.[8] Finally, CCI possesses an adequate remedy at law through a complaint for a writ of mandamus, premised upon the remedies contained within Sup.R. 45 through 47.[9]

---

**5.** *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658; *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 648 N.E.2d 823; *State ex rel. Taylor v. Glasser* (1977), 50 Ohio St.2d 165, 4 O.O.3d 367, 364 N.E.2d 1.

**6.** Where there exists a rule, as promulgated by the Supreme Court of Ohio pursuant to Section 5(B), Article IV of the Ohio Constitution, and a statute as enacted by the Ohio General Assembly, the rule will always take precedence over the statute with regard to procedural matters, while the statute will control over matters of substantive law. *State ex rel. Sapp. v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500; *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934; *State v. Slatter* (1981), 66 Ohio St.2d 452, 20 O.O.3d 383, 423 N.E.2d 100.

**7.** See Sup.R. 1(A).

**8.** It must also be noted that CCI possesses no right to statutory damages or attorney fees under Sup.R. 44 through 47.

**9.** Although we express no opinion that is binding upon any future claim of mandamus, premised upon the remedies contained within Sup.R. 45 through 47, we cannot, at this time, find the existence of any exception that would prevent CCI from lawfully obtaining copies of the requested correspondence.

{¶ 19} After viewing the complaint, the attachments, and all reasonable inferences that can be drawn therefrom on behalf of CCI, we conclude that CCI can prove no set of facts entitling it to relief. Accordingly, we grant Judge Villanueva's motion to dismiss. Costs to CCI. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Complaint dismissed.

McMONAGLE, P.J., and DYKE, J., concur.