[Cite as *State ex rel. GMS Mgt. Co., Inc. v. Vivo*, 2010-Ohio-4184.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel., | ) | |
| GMS MANAGEMENT CO., INC., | ) | |
| | ) | CASE NO. 10 MA 1 |
| RELATOR, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| ANTHONY VIVO, CLERK OF COURT, | ) | JUDGMENT ENTRY |
| et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

CHARACTER OF PROCEEDINGS:　　　　　Petition for Writ of Mandamus.

JUDGMENT:　　　　　　　　　　　　　　Petition Dismissed.

APPEARANCES:

For Relator:　　　　　　　　　　　　Attorney Michael R. Stavnicky
　　　　　　　　　　　　　　　　　　Singerman, Mills, Desberg &
　　　　　　　　　　　　　　　　　　Kauntz Co., L.P.A.
　　　　　　　　　　　　　　　　　　3401 Enterprise Parkway, Suite 200
　　　　　　　　　　　　　　　　　　Beachwood, OH  44122

For Respondents:　　　　　　　　　　Attorney Paul J. Gains
　　　　　　　　　　　　　　　　　　Prosecuting Attorney
　　　　　　　　　　　　　　　　　　Attorney Donald A. Duda, Jr.
　　　　　　　　　　　　　　　　　　Assistant Prosecuting Attorney
　　　　　　　　　　　　　　　　　　761 Industrial Road
　　　　　　　　　　　　　　　　　　Youngstown, OH  44509

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated:  August 17, 2010

PER CURIAM:

{¶1}   Relator, GMS Management Co., Inc., filed a Complaint for Writ of Mandamus seeking an order compelling Respondents, Anthony Vivo, Clerk of Court for Mahoning County Court; David D'Apolito, Judge, Mahoning County Court, Area No. 4; and the Mahoning County Court (hereinafter Respondents) to provide Relator with an accounting of all court costs and fees associated with Relator's matters at the Mahoning County Court for the years 2005 through 2009.  Relator asserts two separate grounds for the relief requested: (1) Respondents' failure to abide by a September 24, 2009 Agreed Judgment Entry in Mahoning County Court No. 4 Case No. 09 OPEN, in which Respondents agreed to provide the accounting, and (2) Respondents' failure to comply with Relator's subsequent R.C. 149.43 public records request for the accounting.  Respondents filed a Civ.R. 12(B)(6) motion to dismiss both counts.  For the following reasons, we grant the motion to dismiss both the agreed judgment entry claim and the public records request claim.

## Facts and Procedural Background

{¶2}   The facts as can be gleaned from the pleadings are generally undisputed.  A dispute arose between the parties regarding payment of court costs and fees along with the timely processing of court filings.  As a result of this dispute, on August 6, 2009, Relator filed an original action in the Ohio Supreme Court, Case No. 09-1417, seeking writs of mandamus, prohibition, and procedendo.  While that case was pending, on September 2, 2009, Respondent County Court sua sponte entered a final appealable judgment against Relator in a case the County Court created under the case number "09 OPEN" and entitled *In re: GMS Management Co., Inc. v. Unpaid Court Costs, Fees and Delinquencie*s.  In that entry, Respondent Trial Court ordered Relator to pay alleged delinquent court costs in excess of $3,000.00.  That judgment also barred Respondent Mahoning County Clerk of Courts from accepting any new pleadings from Relator, whether or not court costs were advanced, until all prior alleged delinquent costs and fees were paid in full.

{¶3}   On September 24, 2009, the parties entered into an Agreed Judgment Entry

which was journalized by Respondent County Court in the 09 OPEN case. Therein, Relator agreed to dismiss its original action in the Ohio Supreme Court without prejudice and instead pursue a direct appeal of the September 2, 2009 judgment entry with this Court.[1] In exchange, Respondents agreed to: (1) stay the September 2 judgment and permit Relator to file new pleadings, motions and actions; (2) timely process and sign all requests, entries, orders, judgments, writs, and garnishments sought by Relator; (3) timely and expeditiously hold all trials and hearing in matters relating to Relator; and (4) provide Relator with an accounting of all court costs and fees associated with Relator's matters in the County Court for the years 2005 through 2009..

{¶4} On October 20, 2009, Relator wrote a letter to Respondents inquiring about the status of the accounting. In response, in a letter dated October 29, 2009, Respondents provided Relator with a list of all cases it had filed in the County Court during the relevant time period and directed Relator to the publicly accessible online docket to calculate its own accounting of costs and fees. Respondents also attached a copy of a docket sheet for one of Relator's cases as an example. Finally, Respondents attached a fee schedule from the Sheriff's Department.

{¶5} On November 11, 2009, Relator replied via letter, directly to Respondent Anthony Vivo, asserting that merely directing it to the online docket was insufficient as Respondents had agreed in the September 24, 2009 judgment entry to provide a full accounting of all costs and fees. In that same letter, Relator made a formal public records request, pursuant to R.C. 149.43 for the accounting it sought.

{¶6} On November 20, 2009, Respondent Vivo responded and again directed Relator to the Court's online docket. In the event Relator still sought the accounting via a public records request Respondent Vivo advised Relator that it would have to pay up-front costs of ten cents per page, plus an additional $5.00 fee per cost bill.

{¶7} Relator filed the instant complaint for writ of mandamus with this Court on January 6, 2010, attached to which was a brief in support along with six exhibits, including

---

[1] On May 14, 2010, in a decision styled *In re: GMS Mgt. Co., Inc. v. Unpaid Court Costs, Fees & Delinquencies*, 7th Dist. No. 09 MA 169, 2010-Ohio-2203, this Court reversed the September 2, 2009 judgment as improperly limiting access to the courts and violating Relator's procedural due process rights, and remanded the cause to the trial court for further proceedings. Id. at ¶25, 32, 53.

the September 2 and September 24 judgment entries and the correspondence between the parties as outlined above. Respondents' filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on March 15, 2010 and subsequently an answer on April 1, 2010. Relator filed a brief in opposition to the motion to dismiss on March 24, 2010.

## Legal Framework

{¶8} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained therein are true, that the relator can prove no facts which would warrant the relief sought. *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. To withstand a motion to dismiss, a complaint must contain, with sufficient particularity, a statement of the clear legal duty of the respondent to perform the act requested. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 95, 647 N.E.2d 788.

{¶9} If, however, pertinent facts are uncontroverted and it appears beyond doubt that a relator is entitled to the requested extraordinary relief in mandamus, a peremptory writ will be granted. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, at ¶14.

{¶10} In order to be entitled to a writ of mandamus a relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639. The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 34, 656 N.E.2d 332.

## Initial Procedural Arguments

{¶11} As a threshold matter, Relator argues that Respondents' Civ.R. 12(B)(6) motion is procedurally improper for two reasons. First, they claim that a Civ.R. 12(B)(6) motion is not permitted in a mandamus action. Second, they contend that even assuming a Civ.R. 12(B)(6) motion is permitted, this court never granted Respondents' leave to file the same. Both of these contentions lack merit.

{¶12} First, "[t]he Rules of Civil Procedure are generally applicable in original

actions for extraordinary writs." *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, at ¶11. "[A] court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, at ¶9. Second, this court's January 20, 2010 order granting Respondents' leave to answer "or otherwise plead as permitted by the civil rules" encompassed the filing of a Civ.R. 12(B)(6) motion. Thus, Respondents' Civ.R. 12(B)(6) motion is properly before this court.

## Agreed Judgment Entry Claim

**{¶13}** In Count One of its complaint, Relator claims it is entitled to a writ of mandamus compelling Respondents to provide it with an accounting based upon Respondents' failure to abide by the terms of the September 24, 2009 Agreed Judgment Entry.

**{¶14}** Initially, Respondents argue that this court may not consider Relator's brief in support of its complaint for mandamus and corresponding exhibits, including the Agreed Judgment Entry and the subsequent written correspondence between the parties. We disagree. "Where documents are attached or incorporated into the complaint, the face of the complaint to be evaluated includes those documents. See Civ.R. 10(C). 'Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.' *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, fn. 1, 673 N.E.2d 1281 (where the Court considered various articles and studies attached to the complaint)." *Adlaka v. Giannini*, 7th Dist. No. 05 MA 105, 2006-Ohio-4611, at ¶34.

**{¶15}** Furthermore, in their Answer, Respondents concede the existence of the Agreed Judgment Entry along with the subsequent written correspondence between the parties regarding the accounting. Answer at ¶12-14, 16, 17.

**{¶16}** Thus, we will consider the attachments to Relator's complaint, one of which is the Agreed Judgment Entry which states in pertinent part:

{¶17} "By agreement of the parties it is hereby:

{¶18} "ORDERED, ADJUDGED AND DECREED that the parties shall proceed via a direct appeal from the [September 2, 2009] Judgment relating to the Dispute, the Court's ability to assess certain charges, and the validity of the [September 2, 2009] Judgment. GMS has agreed to dismiss the Original Action [in the Ohio Supreme Court] without prejudice. In exchange for dismissing the Original Action, Respondents have agreed to: (i) stay the Judgment and permit GMS to file new pleadings, motions and actions; (ii) timely process and sign all requests, entries, orders, judgments, writs, and garnishments sought by GMS; (iii) timely and expeditiously hold all trials and hearing in matters relating to GMS; and (iv) *provide GMS with an accounting of all court costs and fees associated with GMS matters for the years 2005 through 2009.*" (Emphasis added).

{¶19} It is undisputed that after a written request for the accounting, Respondents directed Relator to the County Court's online docket and explained how Relator could create its own accounting. Relator argues that the terms of the Agreed Judgment Entry require Respondents to provide Relator with an accounting created by Respondents, and the First Count of Relator's mandamus complaint requests a writ compelling Respondents to provide the same.

{¶20} To the contrary, Respondents argue that the Agreed Judgment Entry does not impose upon them a clear legal duty. They contend that for mandamus purposes, the legal duty must stem from a statute. Although there is a dearth of case law addressing this precise situation, mandamus will lie to compel performance based on a court order. See, e.g., *State ex rel. Maloney v. Sherlock*, 100 Ohio St.3d 77, 2003-Ohio-5058, 796 N.E.2d 897, at ¶25 (holding that mandamus is an appropriate vehicle for enforcing a court's funding order); *State ex rel. Donaldson v. Alfred* (1993), 66 Ohio St.3d 327, 329, 612 N.E.2d 717 (same).

{¶21} Respondents also contend that Relator's first claim should be dismissed because Relator has an adequate remedy at law. Specifically, they claim that Relator could have filed a show cause motion with the County Court with regard to the Agreed Judgment Entry. Indeed, the filing of a contempt action is an adequate remedy in the ordinary course of law that precludes the grant of a writ of mandamus. *State ex rel.*

*Weaver v. Ohio Adult Parole Auth.,* 116 Ohio St.3d 340, 2007-Ohio-6435, 879 N.E.2d 191, at ¶6.

{¶22} Relator contends, however, that asking the County Court to hold a hearing to decide whether the County Court is *itself* in contempt of the Agreed Judgment Entry, to which it is a party, is far outside the ordinary course of law and would not provide Relator with an adequate remedy. The inherent problem with this argument, however, is that although the County Court is a party to the Agreed Judgment Entry, it is not the party from whom the accounting is sought. Rather, only Respondent Anthony Vivo, Clerk of Court, can provide the accounting. It is within the ordinary course of law for a court to hold a contempt proceeding regarding its own clerk. And in the event a party disagrees with the disposition of such contempt proceedings, the decision may be appealed. See, e.g., *In re Ahmed*, 7th Dist. No. 03 BE 74, 2005-Ohio-1116 (involving appeal by conservatee from probate court's denial of her motion to hold deputy probate court clerk in contempt and order clerk to file a complete record in various appeals).

{¶23} Relator had an adequate remedy in the ordinary course of law with regard to enforcement of the accounting provision in the Agreed Judgment Entry. Accordingly, we grant Respondents' motion to dismiss the First Count of Relator's complaint.

**Public Records Request Claim**

{¶24} Count Two of Relator's complaint concerns its subsequent public records request for the accounting. As indicated, on November 11, 2009, Relator made a formal public records request to Respondent Vivo, pursuant to R.C. 149.43, for an accounting of all court costs and fees for Relator's cases in the County Court for the years 2005 through 2009. Respondent Vivo responded by directing Relator to the Court's public access website. In the event Relator still sought the accounting via a public records request Respondent Vivo advised Relator that it would have to pay up-front costs of ten cents per page, plus an additional $5.00 fee per cost bill.

{¶25} In its mandamus complaint, Relator claims that pursuant to R.C. 149.43(B)(1), Respondent Vivo may charge only for actual costs associated with complying with the public records request, and not the additional $5.00 per cost bill fee. However, Relator cannot establish entitlement to a writ of mandamus pursuant to R.C.

149.43. Rather, the newly adopted Rules 44 through 47 of the Rules of Superintendence for the Courts of Ohio, which became effective on July 1, 2009, set forth specific procedures regulating public access to court records, and replace the public records request procedures contained in R.C. 149.43 with respect to requests directed to an Ohio court. See *Cleveland Constr., Inc. v. Villanueva*, 186 Ohio App.3d 258, 2010-Ohio-444, 927 N.E.2d 611, at ¶17. "Sup.R. 44 through 47 are applicable to all courts of appeal, courts of common pleas, municipal courts, and county courts in the state of Ohio" Id.

**{¶26}** Sup.R. 44 through 47 provide specific procedures regarding public access to court records. " 'Court record' means both a case document and an administrative document, regardless of physical form or characteristic, manner of creation, or method of storage." Sup.R. 44(B). The Rules of Superintendence differ from R.C. 149.43, which concerns public records more generally. For example, while R.C. 149.43(B)(1) mandates that a public office shall make copies of the requested public record available at "cost," which has been interpreted as meaning actual costs only, the Rules of Superintendence specifically permit the clerk of court to require personnel costs in addition to actual costs for some types of court record requests. Sup.R. 46(A)(2)(c).

**{¶27}** Sup.R. 47 provides that "a person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup. R. 44 through 47 may pursue an action in mandamus pursuant to Chapter 2731. of the Revised Code." In *Cleveland Constr., Inc.*, the Eighth District dismissed a mandamus complaint where the relator sought court records pursuant to R.C. 149.43 after Sup.R. 44 through 47 had taken effect. The court explained: "CCI's complaint for a writ of mandamus was premised solely upon the remedies contained within R.C. 149.43. These remedies include a request for copies of correspondence, the maximum statutory penalty of $1,000, and attorney fees. CCI, however, possesses no legal right under R.C. 149.43 to copies of the requested correspondence, nor does Judge Villanueva possess any legal duty under R.C. 149.43 to provide CCI with copies of the requested correspondence. CCI's legal rights and Judge Villanueva's legal duties, with regard to copies of the requested correspondence, are controlled by Sup.R. 44 through 47. Finally, CCI possesses an adequate remedy at law through a complaint for a writ of mandamus, premised upon the remedies contained

within Sup.R. 45 through 47." Id. at ¶18 (footnotes omitted).

**{¶28}** Likewise, Relator has no legal right under the statute asserted in the complaint, i.e., R.C. 149.43, to the requested relief. Relator's request for court records is governed by Sup.R. 44 through 47 and the procedures and remedies specified therein. Accordingly, we dismiss the second count of Relator's mandamus complaint. .

### Conclusion

**{¶29}** Based on the foregoing, we grant Respondents' Civ.R. 12(B)(6) motion to dismiss both counts of Relator's complaint.

**{¶30}** Costs taxed against Relator. Final order. Clerk to serve notice as provided in the Civil Rules.

Vukovich, P.J., concurs.

Waite, J., concurs.

DeGenaro, J., concurs.