[Cite as *State ex rel. Sanford v. Bur. of Sentence Computation*, 2016-Ohio-7872.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. John W. Sanford, | : | |
| Relator, | : | |
| v. | : | No. 16AP-276 |
| Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on November 22, 2016

*John W. Sanford,* pro se.

*Michael DeWine,* Attorney General, and *Kelly N. Brogan,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

TYACK, J.

{¶ 1}  John W. Sanford filed this action in mandamus, seeking a writ to compel the Bureau of Sentence Computation ("BOSC") of the Ohio Department of Rehabilitation and Correction ("ODRC") to refrain from designating his state and federal prison sentences as an aggregate sentence and therefore to compel BOSC to consider his sentences as concurrent sentences.

{¶ 2}  In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings.  Counsel for ODRC filed a motion to dismiss the mandamus action.

{¶ 3}  The assigned magistrate issued a magistrate's decision, appended hereto, addressing the merits of the motion to dismiss.

{¶ 4} The magistrate's decision includes a recommendation that we grant the motion.

{¶ 5} Sanford has filed objections to the magistrate's decision. The case is now before the court for a full, independent review of the merits of the motion to dismiss.

{¶ 6} In 1992, Sanford was convicted of the offense of murder and sentenced to the mandatory term of incarceration of 15 years to life. The state court judge who sentenced Sanford ordered that the sentence for murder be run consecutively to the sentence Sanford was already serving on a federal conviction. Twenty-four years later, Sanford filed this action in mandamus attacking the part of the sentencing judgment entry which ordered that the sentences be served consecutively.

{¶ 7} A special writ of mandamus will not issue when the law provides a remedy through the ordinary course of law. A direct appeal is such a remedy. If Sanford felt his sentence was somehow wrong or illegal, he should have appealed in 1992. He did not.

{¶ 8} ODRC through BOSC did nothing other than attempt to comply with the order of the Wood County Court of Common Pleas.

{¶ 9} Sanford argues that an Ohio court cannot order that a state sentence run consecutively to a federal sentence of imprisonment. Sanford is wrong. R.C. 2929.41(B)(1) clearly allows consecutive sentences under such circumstances.

{¶ 10} Ohio law indicates that criminal sentences are deemed to be concurrent if the sentencing judge does not specify that sentences are to be served consecutively. Here, the sentencing judge specified that the Ohio sentence was to be served consecutively to the federal sentences.

{¶ 11} Since the state of Ohio and the United States government are separate sovereigns, sentences given by the two sovereigns for violations of their criminal statutes are not "aggregate sentences." As a result, the argument by Sanford that the separate violations are to be aggregated for purposes of Ohio sentencing is an argument without merit.

{¶ 12} We overrule Sanford's objections to the magistrate's decision. We, therefore, adopt the findings of fact and conclusions of law in the magistrate's decision as supplemented herein.

{¶ 13} As a result of the above, we sustain the motion to dismiss this action in mandamus.

*Objections overruled; motion to dismiss*
*sustained.  Case dismissed.*

DORRIAN, P.J., and BROWN, J., concur.

———————————

# A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. John W. Sanford, | : | |
| Relator, | : | |
| v. | : | No.  16AP-276 |
| Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on July 29, 2016

*John W. Sanford,* pro se.

*Michael DeWine,* Attorney General, and *Kelly N. Brogan,* for respondent.

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 14} Relator, John W. Sanford, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Corrections Bureau of Sentence Computation ("bureau"), to "(1), refrain from designating my state and federal sentence as an 'aggregate sentence' and (2), compute the state and federal sentences to be served concurrently."

<u>Findings of Fact</u>:

{¶ 15} 1. Relator is an inmate currently incarcerated at North Central Correctional Institution.

{¶ 16} 2. On June 1, 1992, relator was found guilty of the 1989 murder of George Leon Washington and sentenced to serve a prison term of 15 years to life "to be served consecutively to the sentence Defendant is presently serving on federal charges."

{¶ 17} 3. On April 12, 2016, relator filed a petition for a writ of mandamus asking this court to compel the bureau to "(1), refrain from designating my state and federal sentence as an 'aggregate sentence' and (2), compute the state and federal sentences to be served concurrently."

{¶ 18} 4. On June 2, 2016, respondent filed a motion to dismiss.

{¶ 19} 5. On June 17, 2016 and, on July 5, 2016, relator filed replies to respondent's motion to dismiss.

<u>Conclusions of Law</u>:

{¶ 20} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's petition.

{¶ 21} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 22} Relator argues that the bureau cannot combine his state and federal sentences to form an aggregate. In support of his argument, relator first asserts that, by statutory definition, his federal sentence is not a " 'sentence of imprisonment.' "Because his federal sentence is not a sentence of imprisonment, relator argues that it cannot be served consecutively to any other sentence of imprisonment. Relator asserts:

> **O.A.C. 5120-2-03 states in pertinent part:**
>
> **(A) This rule applies only to prison terms imposed for offenses committed before July 1, 1996. Any sentence of imprisonment to the department of rehabilitation and correction shall be served**

**consecutively to any other sentence of imprisonment in the following cases:**

**(1) The trial court specifies that it is to be served consecutively to another sentence.**

**Former O.R.C. 2929.41 states in pertinent part:**
**(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment in the following cases:**

**(1) When the trial court specifies that it is to be served consecutively.**

The statutory definition and these provisions makes it very clear that the reference to "consecutively to any other 'sentence of imprisonment' " means a sentence to the Ohio Department of Rehabilitation and [C]orrections, and not a sentence from another state or a federal sentence. Accordingly, in these circumstances, Respondents are enjoined with a duty statutorily and under Ohio Administrative Code to compute Relator's state sentence to be served concurrently with the federal sentence.

**O.A.C. 5120-2-03(B) directs Respondents:**

**"Any sentence of imprisonment to the department of rehabilitation and correction shall be served concurrently, not aggregated, with any other sentence of imprisonment imposed by a court of this state, another state, or of the United States, except as provided in paragraph A if [sic] this rule."**

**Former O.R.C. 2929.41(A)(1) also directs Respondents:**

**"Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States."**

Because the federal sentence is not a "sentence of imprisonment" that can be aggregated to form an aggregate minimum, there is no other option for Respondents under Ohio law but to calculate the sentences to be served

concurrently. The phrase "not aggregated" used in section 5120-2-03(B) can strongly be inferred that when two (2) sentences are not or cannot be aggregated, then they shall be served concurrently. Here, the Respondents are doing neither- not applying the aggregate process to the sentences, nor running the sentences concurrently.

(Emphasis sic.)

{¶ 23} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 24} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 25} Relator is misapplying the above statute and legislation by focusing on one section and excluding another section. Relator places emphasis on that portion of the Ohio Revised Code and the Ohio Administrative Code which indicate that sentences are to be served concurrently and not aggregated, and specifically omits any consideration of the fact that both the Revised Code and the Administrative Code give the trial court discretion to order that sentences be served consecutively to any other sentence. The reality is that both the Revised Code and the Administrative Code provide that, where not otherwise indicated by a trial court, the bureau cannot, of its own accord, make the determination that certain sentences will be served consecutively. Where it is not specified, sentences

are presumed to be served concurrently. However, R.C. 2929.41(B) provides an exception to the (A)(1) provision that sentences are to be served concurrently and that exception is whenever a trial court specifies that the sentence is to be served consecutively.

{¶ 26} As indicated in the findings of fact, at the time relator was sentenced to murder, the trial court ordered that his term of imprisonment would be 15 years to life "to be served consecutively to the sentence Defendant is presently serving on federal charges." The trial court applied R.C. 2929.41(B)(1) and ordered that relator's sentence be served consecutively to his federal sentence. Clearly, this was within the discretion of the trial court and, if relator had any issue with this, he could have raised this on appeal. Further, respondent has properly followed the trial court's directive by computing relator's sentence by noting that the sentences are to be served consecutively.

{¶ 27} Finding that respondent has properly followed the trial court's directive that relator's sentence of 15 years to life is to be served consecutively to his federal sentence, it is this magistrate's decision that relator can not demonstrate that respondent abused its discretion and this court should grant the motion of respondent and dismiss relator's petition.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).