Per Curiam.
{¶ 1} Relators, 11 captains and 1 battalion chief in the Cleveland Fire Department, filed this action in mandamus against respondents, the city of Cleveland and its mayor, seeking immediate cessation of the noncompetitive examination process that the city is currently using for promotion within the fire department. The firefighters’ union challenged that process on the same grounds in a declaratory-injunction action in the Cuyahoga County Court of Common Pleas. Relators filed a motion to intervene in that action but withdrew the motion after the judge failed to rule on it.
{¶ 2} The declaratory-judgment complaint requested relief almost identical to the relief requested here. Relators therefore had an adequate remedy at law by way of intervening in the declaratory judgment-case, precluding a writ of mandamus here. We therefore dismiss relators’ action.

Facts and Procedural History

Background
{¶ 3} Relators allege that each of them is eligible for promotion in the Cleveland Fire Department but was deprived of the opportunity to take a competitive promotional examination. Relators assert that a competitive exam designed to test for merit and fitness for promotion is required by Article XV, Section 10 of the Ohio Constitution, R.C. Chapter 124, Cleveland City Charter Sections 126 and 128, and Cleveland Civil Service Commission Rules 4.60 and 4.70.
{¶ 4} According to relators’ complaint, rather than comply with these provisions, in March 2014, Cleveland created a noncompetitive examination process, which relators describe as “highly unorthodox.” The process consisted of the submission of an applicant’s resume and an interview by panel members who varied in number depending on the day. Relators assert that they were denied *136 promotions to battalion chief or assistant chief after applying through this process.

Assn, of Cleveland Firefighters, Local 931.A.F.F. v. Cleveland

{¶ 5} On March 20, 2014, the Association of Cleveland Firefighters, Union Local 93 I.A.F.F., filed a complaint and a motion for a temporary restraining order and preliminary injunction in the Cuyahoga County Court of Common Pleas, seeking to stop the city from using the noncompetitive examination process for promotion in the fire department.
{¶ 6} After holding a hearing on the union’s motion, the trial court dismissed the union’s claims sua sponte, concluding that the court lacked jurisdiction in light of the union’s failure to exhaust its remedies under a collective-bargaining agreement. The union appealed, and Cleveland cross-appealed. On April 23, 2015, the Eighth District Court of Appeals reversed and remanded. Assn. of Cleveland Firefighters, Local 93 I.A.F.F. v. Cleveland, 2015-Ohio-1538, 31 N.E.3d 1285 (8th Dist.).
{¶ 7} In the meantime, between January and March 2015, Cleveland promoted six fire captains to fill battalion-chief positions. These newly promoted battalion chiefs never passed a competitive promotional exam, which relators assert is required by law.
{¶ 8} Following a hearing held upon remand from the court of appeals, the trial court granted the union’s requested preliminary injunction and prohibited Cleveland from administering its noncompetitive examination process for promotion in the fire department. Between June 26 and September 15, 2015, several interested parties filed motions to intervene in the case that the trial court ultimately granted.
{¶ 9} In the meantime, on September 8, 2015, relators filed their own motion to intervene, and Cleveland filed a response in opposition. After the trial court failed to rule on their motion, relators withdrew it on November 12, 2015.
{¶ 10} In March 2016, the union and Cleveland each filed a motion for summary judgment. After the parties had submitted briefs and evidence in this case, on September 12, 2016, the trial court issued a judgment entry and opinion in Assn, of Cleveland Firefighters dismissing the action.
The mandamus action
{¶ 11} On November 13, 2015, one day after withdrawing their motion to intervene in Assn, of Cleveland Firefighters, relators filed in this court a complaint for a writ of mandamus. Relators assert in their complaint that they have a clear legal right to require that Cleveland choose battalion chiefs and assistant chiefs from among the three highest scorers in a competitive promotional exam, that they have no adequate remedy in the ordinary course of the law, *137 and that Cleveland has no lawful reason for refusing to offer a competitive exam or for filling the positions with firefighters who do not rank among the top three scorers in a competitive exam. Relators request that this court order Cleveland to immediately offer a competitive promotional exam to all firefighters who were eligible to sit for such a test when the noncompetitive examination process was announced in March 2014, fill all battalion-chief and assistant-chief positions available since March 2014 with firefighters who rank in the top three of that competitive test, make those promotions retroactive to the date each would have been effective if Cleveland had complied with the law, and provide back pay and benefits to the firefighters promoted under the new competitive process.
{¶ 12} Cleveland filed a motion to dismiss, and relators filed a memorandum in opposition. We denied the motion to dismiss and issued an alternative writ. 145 Ohio St.3d 1454, 2016-Ohio-2807, 49 N.E.3d 317. The parties have submitted evidence and briefs.

Analysis

Mandamus
{¶ 13} To be entitled to extraordinary relief in mandamus, relators must establish a clear legal right to the requested relief, a clear legal duty on the part of Cleveland to provide it, and the lack of an adequate remedy in the ordinary course of the law. State ex rel. Waters v. Spaeth, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Relators must prove that they are entitled to the writ by clear and convincing evidence. Id. at ¶ 13.
Adequate remedy at law
{¶ 14} Cleveland argues that relators’ claims are similar to those asserted by the firefighters’ union in Assn, of Cleveland Firefighters, the declaratory-judgment action that the union filed in the common pleas court, and that intervention in that case constituted an adequate remedy at law.
{¶ 15} Relators here did move to intervene in Assn, of Cleveland Firefighters. Their motion was not ruled on for more than two months, even though other parties’ motions to intervene were filed after theirs and were granted. Relators claim that their interests were not represented in the declaratory-injunction action and that the trial court had “no intention of ruling on” their motion to intervene. They also claim that Cleveland opposed their attempts to intervene at every juncture in that case and that they lacked an adequate remedy by way of intervention.
{¶ 16} Relators argue that the trial court’s failures to rule on their motion to intervene and to allow their counsel to participate in a status conference regarding the possibility of mediation were not appealable. Relators further argue that they would not have been allowed to participate in mediation, *138 scheduled for November 19, 2015, and that their interests would not have been protected if the mediation had proceeded without them. Relators therefore withdrew their motion to intervene in Assn, of Cleveland Firefighters and filed this action instead.
{¶ 17} Cleveland emphasizes that relators had a right to intervene in Assn, of Cleveland Firefighters but did not choose to “join in [ ] the complaint filed by their Union” and withdrew the motion to intervene that they had filed.
{¶ 18} The general rule is that a pending declaratory-judgment action may bar a mandamus action but only when intervention in the pending action is an adequate remedy in the ordinary course of the law. State ex rel. Gilmour Realty, Inc. v. Mayfield Hts., 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320, ¶ 16. An alternative remedy is adequate only if it is “complete, beneficial, and speedy.” State ex rel. N. Main St. Coalition v. Webb, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 41, citing State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas, 106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 19. Even though an incomplete remedy by itself, a declaratory judgment may be an adequate remedy if it is coupled with ancillary relief in the form of a mandatory injunction. Id. at ¶ 42, citing State ex rel. Webb v. Bliss, 99 Ohio St.3d 166, 2003-Ohio-3049, 789 N.E.2d 1102, ¶ 23.
{¶ 19} The question here, therefore, is whether intervention in Assn, of Cleveland Firefighters was an adequate remedy in the ordinary course of the law. The complaint in that case shows that the union asked not only for declaratory and injunctive relief but also for relief in mandamus.
{¶ 20} More specifically, the union in Assn, of Cleveland Firefighters challenged the noncompetitive examination process used by Cleveland as violating Article XV, Section 10 of the Ohio Constitution, R.C. Chapter 124, Sections 126 and 128 of the Cleveland Charter, and Cleveland Civil Service Commission Rules 4.60 and 4.70. The union requested a declaratory judgment that all vacancies in the promoted ranks created since the expiration of the last civil-serviee-eligibility list, as well as all future vacancies, be filled by a competitive examination process and that the noncompetitive process is unconstitutional and in violation of the law. The union requested preliminary and permanent injunctions prohibiting the administration of the noncompetitive process for promotions and that the status quo be maintained by prohibiting any future promotions from taking place without a competitive exam. And the union requested a writ of mandamus ordering Cleveland to immediately administer competitive exams, certify eligibility lists to restore the promotional cycle, and fill all promotional vacancies from that list.[1]
*139 {¶ 21} Relators challenge the noncompetitive examination process on the same grounds as the union did in Assn, of Cleveland Firefighters and, like the union in that case, seek the immediate return of the competitive examination process. Relators cite the same constitutional, statutory, and local-regulatory provisions of the law in support of their position as the union did in Assn, of Cleveland Firefighters. The only relief requested here that was not specifically requested in the common pleas case is back pay and benefits to firefighters who were eligible to be promoted under the competitive exams but who were not promoted under the noncompetitive scheme. However, a party wishing to intervene is required to provide “a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought.” Civ.R. 24(C). Relators here could have asserted in a complaint accompanying their motion to intervene in Assn, of Cleveland Firefighters any additional claims they wished to assert in that case, including a claim for back pay and benefits. Thus, relators could have intervened in the Assn, of Cleveland Firefighters declaratory-judgment action and, if successful, obtained all the relief they seek here. Assn, of Cleveland Firefighters therefore provided complete relief; intervention in that case would have constituted an adequate remedy in the ordinary course of the law, precluding a writ of mandamus here.
{¶22} Relators assert that Cleveland has attempted to thwart every effort they made to intervene in that case. They emphasize that the trial court did not rule on their motion to intervene and had scheduled mediation without having allowed their intervention.
{¶ 23} But relators could have filed an action in procedendo to force the trial court to grant or deny their motion to intervene. If, as they assert, they had a substantial right that was not otherwise represented in the litigation and that an order denying their motion to intervene “in effect determine[d] the action and prevent[ed] a judgment” on their claims, it would have been appealable. R.C. 2505.02(B)(1); Southside Community Dev. Corp. v. Levin, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 7-8.
{¶ 24} Moreover, the fact that the union’s claims in Assn, of Cleveland Firefighters have been dismissed is immaterial. If an adequate remedy was available but the party failed to take advantage of it or is time-barred from using it, mandamus will not lie to substitute for that remedy. State ex rel. Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn., 73 Ohio St.3d 189, 193, 652 N.E.2d 750 (1995).

*140
Conclusion

{¶ 25} Relators had an adequate remedy in the ordinary course of the law by way of intervention in Assn, of Cleveland Firefighters. We therefore dismiss this action on that basis.
Cause dismissed.
O’Connor, C.J., and Pfeifer, Lanzinger, and O’Neill, JJ., concur.
O’Donnell, J., dissents, with an opinion joined by Kennedy and French, JJ.

. The request for a writ of mandamus appears in the amended complaint; the original complaint, filed in March 2014, was not submitted as evidence in this case. Although the trial court did not *139 grant leave to amend the complaint until December 10, 2015 (nearly one month after relators filed their complaint in this ease), the union in Assn, of Cleveland Firefighters had already filed on September 10, 2015, a copy of its proposed complaint as an attachment to its motion to amend the original complaint.