[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Russell v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2018-Ohio-2693.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2693

THE STATE EX REL. RUSSELL, APPELLANT, *v.* DEPARTMENT OF REHABILITATION AND CORRECTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Russell v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2018-Ohio-2693.]

*Mandamus—Relator cannot raise new issues on appeal—Court of Appeals' decision affirmed.*

(No. 2017-1323—Submitted January 23, 2018—Decided July 11, 2018.)

APPEAL from the Court of Appeals for Franklin County, No. 17AP-125.

_____

**Per Curiam.**

{¶ 1} Appellant, Mark Russell, appeals the judgment of the Tenth District Court of Appeals denying his motion to waive court costs. For the reasons set forth below, we affirm the judgment of the court of appeals and deny Russell's motion to appoint counsel.

*Background*

**{¶ 2}** Russell is a prisoner confined at the Warren Correctional Institution in Lebanon, Ohio. On February 17, 2017, he filed a complaint for a writ of mandamus in the Tenth District Court of Appeals to compel the Department of Rehabilitation and Correction ("DRC") to have its Use of Force Committee review a correction's officer's alleged deployment of a chemical spray in Russell's face that caused severe burns. Russell also sought a waiver of the prepayment of filing fees.

**{¶ 3}** The Tenth District Court of Appeals referred the matter to a magistrate. On February 27, 2017, the magistrate recommended that the court dismiss the complaint sua sponte because Russell had failed to comply with the requirements of R.C. 2969.25(C) governing inmate requests for waivers of filing fees. On March 14, 2017, the DRC filed a motion to dismiss, based on the same R.C. 2969.25(C) argument.

**{¶ 4}** Russell did not file an objection to the magistrate's recommendation or a memorandum in opposition to the DRC's motion to dismiss. The court adopted the magistrate's recommendation to dismiss the case sua sponte, and it denied as moot the DRC's motion to dismiss. 10th Dist. Franklin No. 17AP-125 (June 20, 2017). The court formalized its decision in a judgment entry filed June 22, 2017, in which it assessed costs against Russell.

**{¶ 5}** On August 25, 2017, Russell filed a motion asking the court of appeals to waive all court costs and filing fees on the ground that he has previously been declared indigent. The court denied the motion to waive costs on August 29.

**{¶ 6}** On September 21, 2017, Russell filed a notice of appeal to this court. His notice of appeal makes clear that the only subject of his appeal is the court of appeals' August 2017 entry denying his motion to waive costs. On November 3, 2017, he filed his merit brief, along with a motion for the appointment of counsel.

*The motion for appointment of counsel*

**{¶ 7}** Russell's motion for appointment of counsel states that "this case deserves the attention of a licensed *Attorney* because it raises a Constitutional Question that needs to be litigated to its full potential." However, "[t]here is no generalized right of counsel in civil litigation." *State ex rel. Jenkins v. Stern*, 33 Ohio St.3d 108, 110, 515 N.E.2d 928 (1987). Russell's belief that he has a constitutional interest to vindicate does not create a right to appointed counsel, and he has cited no legal authority in support of his request.

**{¶ 8}** We deny the motion to appoint counsel.

*The merits of the appeal*

**{¶ 9}** In his sole proposition of law, Russell contends that garnishments from inmate accounts should be governed by the same procedural rules and protections applicable to judgment debtors in civil court. And, he asserts, by garnishing his account without following statutory collection procedures, the DRC and the court of appeals are violating his state and federal due process rights.

**{¶ 10}** Russell's appeal suffers from the same procedural defect identified in *State v. Dalton*, 6th Dist. Williams No. WM-10-011, 2011-Ohio-362. Dalton was convicted of a felony, and at his sentencing, the trial court imposed court costs. *Id.* at ¶ 6. He later filed a pro se motion for a waiver of costs, which was denied. *Id.* at ¶ 2. He appealed, arguing that (1) the court erred in denying him his waiver and (2) the garnishing of his inmate account was being conducted in an unconstitutional manner. *Id.* at ¶ 4-5, 14. After disposing of his challenge to the *assessment* of costs on res judicata grounds, *id.* at ¶ 12, the court of appeals addressed his constitutional claim.

> [A]ppellant argues that the procedures used to garnish his inmate account to pay court costs violated his right to due process of law under both the United States Constitution and the Constitution of the

State of Ohio. However, the assignment of error raises issues beyond the scope of this appeal. This appeal concerns claimed trial court error in its denial of appellant's "motion to vacate court costs due to indigency forthwith." Appellant made no argument in the trial court that improper attachment or garnishment procedures were employed against him. He also sought no relief based upon any claim such procedures were used against him.

*Id*. at ¶ 14.

{¶ 11} Russell does not argue that the court of appeals abused its discretion when it denied his motion for a waiver of costs. *See Rayess v. Staton*, 2d Dist. Montgomery No. 26683, 2015-Ohio-5169, ¶ 2 ("A court has discretion over the issue of whether a person is indigent, and thus whether to waive filing fees and costs"). His merit brief is devoted entirely to the proposition that the DRC is violating the law in the manner by which it conducts garnishments. In fact, the relief he seeks is not a reversal of the Tenth District's decision, but an order compelling the DRC to restore all funds taken from his account.

{¶ 12} In a mandamus action, a relator "waive[s] new claims that he raises on appeal by failing to raise them in his original or amended petition." *State ex rel. Scruggs v. Sadler*, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 6. Russell's mandamus petition did not challenge the DRC's manner of conducting garnishments, and he cannot raise the issue for the first time on appeal.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Mark Russell, pro se.

Michael DeWine, Attorney General, and Byron D. Turner, Assistant Attorney General, for appellee.

_____