[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Miller v. Bower,* Slip Opinion No. 2019-Ohio-1623.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1623

THE STATE EX REL. MILLER, APPELLANT, *v.* BOWER, CHIEF, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Miller v. Bower,* Slip Opinion No. 2019-Ohio-1623.]

*Mandamus—Writ of mandamus sought to compel chief of Ohio Bureau of Sentence Computation to recompute prisoner's sentences—Court of appeals' judgment dismissing petition affirmed.*

(No. 2018-0827—Submitted January 29, 2019—Decided May 2, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 17AP-456.

_____

**Per Curiam.**

{¶ 1} Appellant, Jerry Miller, appeals from a judgment dismissing his petition for a writ of mandamus to compel Liann Bower, chief of the Ohio Bureau of Sentence Computation ("BSC"), to recompute his sentences.  We affirm the Tenth District Court of Appeals' judgment.

**Facts Asserted in Miller's Complaint**

{¶ 2} In October 1966, Miller was convicted in state court of armed robbery and shooting to kill. The trial court sentenced him to 10 to 25 years in prison for the armed robbery and 1 to 20 years for shooting to kill and ordered that the sentences be served consecutively. Miller was paroled in 1976.

{¶ 3} In 1977 and again in 1985, Miller was convicted of additional crimes in federal court. He was sentenced to 21 years of imprisonment in 1977, was paroled from federal custody in 1984, and was sentenced to 25 years of imprisonment in 1985.[1]

{¶ 4} In April 1986, Miller pleaded guilty in state court to aggravated robbery and a gun specification. Pursuant to a plea agreement, the trial court sentenced him to 10 to 25 years for the robbery and three years for the gun specification. The two sentences were to be served consecutively to each other and the 10-to-25-year sentence was to be served concurrently with his federal sentences and with any future sentence that the Montgomery County Common Pleas Court might impose.

{¶ 5} In July 1986, Miller was convicted in state court of aggravated robbery and felonious assault, with a gun specification. He was sentenced to 15 to 25 years for the robbery, to be served concurrently with a 12-to-15-year sentence for the felonious assault, and consecutively to a three-year sentence for the gun specification. The trial court's entry indicated that these sentences were to be served consecutively to his federal sentence.

{¶ 6} In 2015, Miller filed a declaratory-judgment action against BSC, arguing that it had not properly computed the state-court sentences imposed in October 1966, April 1986, and July 1986. He sought a judgment declaring his

---

[1] Miller remained in federal custody until January 2005, when he transferred to state custody.

proper sentence, parole-eligibility date, and sentence-expiration date. *See Miller v. Bur. of Sentence Computation*, Richland Cty. C.P. No. 2015CV0809. The court of common pleas granted summary judgment in favor of BSC, and the court of appeals affirmed. *Miller v. State*, 5th Dist. Richland No. 15CA96, 2016-Ohio-4623.

{¶ 7} On June 29, 2017, Miller filed a petition for a writ of mandamus in the Tenth District Court of Appeals, again arguing that the trial court improperly imposed consecutive sentences instead of concurrent sentences in October 1966, April 1986, and July 1986 and that his total sentence should be only 25 years. Miller sought an order compelling BSC to compute his sentences in accordance with R.C. 2929.41 and his April 1986 sentencing entry.

{¶ 8} BSC filed a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6), which the court of appeals granted. Miller appealed that ruling to this court.

**Law and Analysis**

{¶ 9} A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. We review dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

{¶ 10} To be entitled to a writ of mandamus, Miller must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on BSC's part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 11}** Generally, an extraordinary writ is not available if a relator has an adequate remedy at law by seeking a declaratory judgment that provides a complete remedy. *See, e.g.*, *State ex rel. Schroeder v. Cleveland*, 150 Ohio St.3d 135, 2016-Ohio-8105, 80 N.E.3d 417, ¶ 18. The court of appeals held that because Miller could file a declaratory-judgment action in a court of common pleas, he had an adequate remedy at law. But we have previously held that an action cannot be brought under the Declaratory Judgment Act, *see* R.C. 2721.01 et seq., to seek a declaration of the meaning of a sentencing order. *State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 16. Thus, a declaratory-judgment action is not an adequate remedy at law in this case.

**{¶ 12}** Miller *does* have an adequate remedy at law, however. Miller's argument that he should have received concurrent sentences relies on language in his April 1986 sentencing entry, which states:

> [T]he sentence of Ten (10) to Twenty-Five (25) years confinement required by Specification 2 will run concurrently with any sentence imposed by a U.S. District Court or a Federal Court and with any future sentence which may be imposed by a Common Pleas Court in Montgomery County.

Miller argues that this language precluded all other courts from imposing consecutive or additional sentences beyond the 25 years in prison set forth in the 1986 sentencing entry. He also argues that the sentencing entry precludes application of R.C. 2929.41(B), which allows a court to impose consecutive sentences, and that the sentencing entry requires other courts to impose concurrent sentences under R.C. 2929.41(A). Thus, according to Miller, his 25 years' imprisonment ended in 2011. But the April 1986 sentencing order cannot vitiate the authority of other courts to impose consecutive sentences in accordance with

4

R.C. 2929.14 and 2929.41. *See State v. White,* 18 Ohio St.3d 340, 342, 481 N.E.2d 596 (1985).

{¶ 13} And Miller could have argued on direct appeal that his sentences should be concurrent rather than consecutive. *State ex rel. Culgan v. Kimbler*, 132 Ohio St.3d 480, 2012-Ohio-3310, 974 N.E.2d 88 (direct appeal is the proper vehicle to raise claim that consecutive sentence was erroneous). Because Miller had an adequate remedy at law to raise his current claims, he cannot now raise them in a mandamus action. *See, e.g.*, *State ex rel. Sanford v. Bur. of Sentence Computation*, 10th Dist. Franklin No. 16AP-276, 2016-Ohio-7872, ¶ 6-7 (affirming dismissal of mandamus action because relator had an adequate remedy at law by way of appealing the consecutive sentences).

{¶ 14} Although the court of appeals' reasoning was incorrect, its result was correct. We therefore affirm its judgment dismissing Miller's mandamus action. *See In re G.T.B.*, 128 Ohio St.3d 502, 2011-Ohio-1789, 947 N.E.2d 166, ¶ 7 (this court will not reverse a correct judgment simply because it is based on an erroneous rationale). The court of appeals relied on res judicata as an alternative basis for its decision. Because we decide the case on other grounds, we will not address that portion of the opinion.

{¶ 15} Miller alternatively argues that he is entitled to a writ of habeas corpus. But because he failed to raise this claim in his petition in the court of appeals, we decline to address it. *State ex rel. Russell v. Dept. of Rehab. & Correction*, 153 Ohio St.3d 274, 2018-Ohio-2693, 104 N.E.3d 767, ¶ 12.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Jerry Miller, pro se.

Dave Yost, Ohio Attorney General, and Byron D. Turner, Assistant Attorney General, for appellee.

_____