[Cite as *State ex rel. Perry v. Byrd*, 2020-Ohio-34.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. DAVEION PERRY,     :

    Relator,     :

    v.     :

NAILAH K. BYRD,     :

    Respondent.     :

No. 109006

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** January 8, 2020

---

Writ of Mandamus
Motion No. 533110
Order No. 534092

---

### *Appearances:*

Daveion Perry, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian R. Gutkoski, Assistant Prosecuting Attorney, *for respondent.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Relator, Daveion Perry, seeks a writ of mandamus directing respondent, the Cuyahoga County Clerk of Courts Nailah K. Byrd, to release records Perry alleges that he requested under Ohio's Public Records Act. Because four of

the six requests do not fall under Ohio's Public Records Act, respondent's motion for summary judgment is granted in part as to those requests. Respondent has provided the records responsive to Perry's other requests, rendering the action moot as to them. Respondent's motion for summary judgment is granted as to Perry's request for statutory damages. Finally, respondent's request to declare Perry a vexatious litigator is denied. Writ denied.

## I. Procedural and Factual History

{¶ 2} Perry filed a complaint for a writ of mandamus on September 13, 2019. There, he alleged the following facts. On August 7, 2019, Perry, an incarcerated individual, initiated certified mail delivery of a public records request to respondent. The tracking information for the certified mailing Perry alleged to have sent does not show that the mailing was received by respondent or anyone else. A printout from the United States Postal Service website attached to Perry's complaint indicates that the status of the certified mailing is "not available."

{¶ 3} Perry's complaint further alleges that he sought six items in his public records request: (1) The clerk of courts records retention policy, (2) the clerk of courts public records policy, (3) an unspecified grand jury subpoena from *State v. Perry*, Cuyahoga C.P. CR-16-610816-A, (4) forensic evidence of latent fingerprints, (5) the gunshot residue kits that were used on Perry, (6) and the *Miranda* waiver form that purportedly was generated when police questioned Perry. Perry asserts that he has not received any response to his public records request from respondent.

{¶ 4} On September 17, 2019, respondent filed a motion to dismiss and to declare Perry a vexatious litigator. This court, sua sponte, converted the motion to dismiss to a motion for summary judgment and gave the parties the opportunity to provide supplemental briefing and to submit additional evidence. On October 24, 2019, respondent filed a motion for summary judgment. Perry filed a brief in opposition, and respondent filed a reply brief. The matter is now ripe for adjudication.

## II. Law and Analysis

### A. Standards

{¶ 5} A writ of mandamus is an appropriate means to enforce an individual's right to access public records under Ohio's Public Records Act. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 5, citing R.C. 149.43(C)(1)(b). Entitlement to relief in mandamus requires that Perry show by clear and convincing evidence that he has a clear legal right to the requested records and respondent has a clear legal duty to provide the records. *Id.*

{¶ 6} The matter is before the court on respondent's motion for summary judgment. "'Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" *State ex rel. Parker v. Russo*, Slip Opinion No. 2019-Ohio-4420, ¶ 5, quoting *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R.

56(C). This standard also requires that we construe the evidence most strongly in favor of the nonmoving party. *Easton Telecom Servs., L.L.C. v. Woodmere*, 8th Dist. Cuyahoga No. 107861, 2019-Ohio-3282, ¶ 17, citing *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 7} In his complaint, Perry has requested that this court direct respondent to provide the requested records and for statutory damages. Perry's request encompasses two distinct classes of public records. In his first and second request, Perry seeks records that document the operating procedure of respondent — the records retention schedule and public records policy of the Cuyahoga County Clerk of Courts. These are public records. *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 8th Dist. Cuyahoga No. 107571, 2019-Ohio-710, ¶ 9. Perry's third through sixth request seek records pertaining to the investigation of his underlying criminal cases. These four requests will be addressed first.

## B. Court Records Relating to Criminal Investigation and Prosecution

{¶ 8} Perry relies on Ohio's Public Records Act when claiming that he is entitled to records and statutory damages. However, that act is not applicable to the bulk of his records requests. The Ohio Supreme Court has held that

> "Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the *sole* vehicle for obtaining records in actions commenced after July 1, 2009." (Emphasis added.) *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 8. Because the Public Records Act is inapplicable to his request for court records, Harris must seek relief under the Rules of Superintendence.

*State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, 121 N.E.3d 337, ¶ 10. The court went on to hold that "[t]he Rules of Superintendence do not authorize statutory damages under any circumstances." *Id.* at ¶ 11, citing *Cleveland Constr., Inc. v. Villanueva*, 186 Ohio App.3d 258, 2010-Ohio-444, 927 N.E.2d 611, ¶ 18 (8th Dist.), fn. 8. Therefore, the Public Records Act is inapplicable to Perry's third through sixth requests. Perry has not sought relief as outlined in the Ohio Rules of Superintendence, nor has he alleged entitlement to the records under these rules.

{¶ 9} Perry acknowledges court rulings that the Ohio Rules of Superintendence govern these requests, but argues that this is unconstitutional. The Ohio Supreme Court has found no such constitutional infirmity, and Perry does not address precisely why this is unconstitutional when the rules of superintendence still provide for a public right of access to court records.

{¶ 10} Further, even if Ohio's Public Records Act applied, R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

The Supreme Court of Ohio recently reaffirmed the applicability of R.C. 149.43(B)(8) to an inmate's request for records concerning a criminal investigation or prosecution. *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, Slip Opinion No. 2019-Ohio-4201, ¶ 12. Therefore, even if Ohio's Public Records Act was applicable to Perry's third through sixth requests, he has failed to allege that he has complied with this provision of the Act. Mandamus is inappropriate in such cases. *State ex rel. Rittner v. Barber*, 6th Dist. Fulton No. F-05-020, 2006-Ohio-592, ¶ 40.

### C. Public Records Policy and Records Retention Schedule

{¶ 11} The records Perry has requested in his first and second request are not court records, but records that document the public records policy and records retention schedule of respondent. Therefore, they are properly considered public records subject to Ohio's Public Records Act, for which leave under R.C. 149.43(B)(8) is not required. *Ellis*, 8th Dist. Cuyahoga No. 107571, 2019-Ohio-710, ¶ 9.

{¶ 12} Perry is entitled, upon proper payment, to receive copies of the respondent's public records policy and records retention schedule.[1] These documents, conspicuously posted on respondent's website, were attached to respondent's motion for summary judgment, which has been served on Perry. Therefore, Perry's mandamus complaint is moot as to his first and second public

---

[1] Respondent's argument that Perry has not paid an unknown amount to receive these records, precluding relief in mandamus, is unavailing. Respondent did not provide Perry with the costs associated with producing the records.

records requests.  *State ex rel. Toledo Blade Co. v. Ohio Bur. of Workers' Comp.*, 106 Ohio St.3d 113, 2005-Ohio-3549, 832 N.E.2d 711, ¶ 16.

### D. Statutory Damages

{¶ 13} Perry claims that he is entitled to statutory damages because respondent has failed to timely deliver the records he has requested.

{¶ 14} R.C. 149.43(C)(2) provides,

> If a requester transmits a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

> The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section.

{¶ 15} In the motion for summary judgment, respondent argues that her office has not received a public records request from Perry.  In an affidavit attached to the motion for summary judgment, Laura Black, Chief of Staff for the Cuyahoga County Clerk of Courts, averred that she searched the public records requests made to respondent and did not find a request from Perry.  Perry's complaint indicates

that he sent his records request by certified mail, but the complaint also indicates that the status of the certified mail service is unknown. Perry has the burden to show by clear and convincing evidence that respondent received his records request. *Dillingham v. Butler Cty. Prosecutor's Office*, Ct. of Cl. No. 2018-01034PQ, 2018-Ohio-3654, ¶ 10, report and recommendation adopted in *Dillingham v. Butler Cty. Prosecutor's Office*, Ct. of Cl. No. 2018-01034PQ, 2018-Ohio-4360.

{¶ 16} Perry's complaint includes a printout from the United States Postal Service website indicating that the status of the certified mailing he claims to have sent to respondent is "not available." Perry's brief in opposition to respondent's motion for summary judgment also does not provide any further evidence that service of his public records request was accomplished. Perry has not shown that respondent was in receipt of his public records request prior to the filing of the mandamus action. To be entitled to statutory damages, Ohio's Public Records Act requires that a public records request be delivered via verifiable means, either by electronic means, certified mail, or hand delivery. Where a relator has not shown that a public agency has breached its duty to promptly provide public records, with evidence that such a duty actually arose, statutory damages are inappropriate. *See Johns v. Allen*, 11th Dist. Trumbull No. 2013-T-0007, 2013-Ohio-2045, ¶ 15.

{¶ 17} When seeking relief in mandamus "[r]elators must prove that they are entitled to the writ by clear and convincing evidence." *State ex rel. Schroeder v. Cleveland*, 150 Ohio St.3d 135, 2016-Ohio-8105, 80 N.E.3d 417, ¶ 13, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 13.

Perry's own records, coupled with the averment in the affidavit attesting to the fact that respondent had no record of receiving Perry's certified mailing, are strong indicators that Perry cannot meet this burden. Perry's own self-serving averment in his affidavit that he sent his public records request to respondent via certified mail does not create a material question of fact in the face of this evidence because Perry has failed to show respondent received the request. Without clear and convincing evidence of this fact, Perry cannot show that respondent breached a legal duty owed to him such that Perry is entitled to an award of statutory damages. When respondent learned of Perry's records request through the filing of this writ action, respondent forwarded the two records to which Perry was entitled within a reasonable time when it attached the records to its motion for summary judgment. Therefore, Perry's request for statutory damages is denied.

## III. Conclusion

{¶ 18} Respondent's motion for summary judgment is granted. Perry has received records responsive to his first and second records request, rendering his complaint moot as to them. For the remainder of the requests, he is not entitled to the requested records under Ohio's Public Records Act. Finally, Perry is not entitled to statutory damages for his first and second records requests.

{¶ 19} Further, this court finds that there were reasonable grounds for this action and, pursuant to Loc.App.R. 23, denies respondent's request to declare Perry a vexatious litigator.

{¶ 20} For all of the foregoing reasons, respondent's motion for summary judgment is granted. Relator to pay costs.  Costs waived.  The clerk of courts is directed to serve notice of this judgment upon all parties as provided in Civ.R. 58(B).

{¶ 21}  Writ denied.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, P.J., and
RAYMOND C. HEADEN, J., CONCUR