[Cite as *State ex rel. Scott v. Burnside*, 2024-Ohio-452.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. CLINTON R.          :
SCOTT, JR.,

      Relator,                          :

                            No. 113399

      v.                                :

JUDGE JANET BURNSIDE,             :

      Respondent.                       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** February 6, 2024

---

Writ of Mandamus
Motion No. 570275
Order No. 570901

---

### *Appearances:*

Clinton R. Scott, Jr., *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

LISA B. FORBES, P.J.:

{¶ 1} Relator, Clinton R. Scott, Jr., seeks a writ of mandamus directing respondent, Judge Daniel Gaul, who was substituted in this action by Judge Janet

Burnside,[1] to release relator from any period of postrelease control that was imposed in an underlying criminal case. For the reasons set forth in this opinion, respondent's motion for summary judgment is granted and the request for relief in mandamus is denied.

## I. Factual and Procedural History

{¶ 2} On November 21, 2023, relator filed the instant complaint for writ of mandamus. There, he alleged that in an unidentified criminal case, respondent sentenced relator to a prison sentence that included a period of postrelease control. Relator alleges that respondent "ruled on my case. Sentence [sic] to a max term. Gave all my time. [Respondent Gaul] is the one to set it right." Relator then requested that this court issue a writ of mandamus directing respondent to relieve relator of postrelease control. The complaint also alleged that on June 27, 2023, relator filed a motion to terminate postrelease control, but does not further reference this motion in his request for relief. Instead, relator requests that this court order respondent to vacate any period of postrelease control imposed in the unidentified underlying criminal case.

---

[1] During the pendency of these proceedings and after respondent Gaul filed a motion for summary judgment, respondent Gaul was suspended from the practice of law and immediately suspended from his judicial position. *Disciplinary Counsel v. Gaul*, Slip Opinion No. 2023-Ohio-4751. Pursuant to App.R. 29(C)(1), the action does not abate, and respondent's temporary successor, Judge Janet Burnside, was automatically substituted as a party to these proceedings.

{¶ 3} Respondent filed a motion for summary judgment on December 8, 2023.[2] There, respondent alleged that the claims raised in the complaint were barred by res judicata. Respondent went on to argue that relator's convictions and sentences in *State v. Scott*, Cuyahoga C.P. No. CR-13-576163-A were affirmed in an appeal, precluding this collateral attack on the judgment. Respondent further argued that relator had an adequate remedy at law and the complaint was procedurally defective. For all those reasons, respondent requested the denial of the requested relief. Relator did not timely file a brief in opposition to respondent's motion for summary judgment.

## II. Law and Analysis

{¶ 4} Relator seeks a writ of mandamus directing respondent to remove any period of postrelease control imposed in an underlying criminal case. Relator does not request an order directing respondent to proceed to judgment on the motion he alleged he filed on June 27, 2023.[3] Therefore, our analysis will be limited to relator's requested relief.

---

[2] The docket in the present case indicates that service of the complaint was not perfected. However, respondent has actively participated in this litigation by filing a motion for summary judgment without raising adequacy of service of process or lack of jurisdiction as a defense. Therefore, respondent has waived service and subjected himself to the jurisdiction of this court. *See Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714.

[3] A review of the docket in the underlying criminal case indicates that respondent denied this motion on July 6, 2023, rendering moot any claim for relief in mandamus to proceed to judgment on this motion. A court may take judicial notice of a docket publicly available over the internet that is outside of the pleadings to determine if a claim for relief is moot. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 10.

{¶ 5} A writ of mandamus is available when relators demonstrate by clear and convincing evidence that they possess a legal right to the requested relief and the respondent has a clear legal duty to provide that relief. *State ex rel. Schroeder v. Cleveland*, 150 Ohio St.3d 135, 2016-Ohio-8105, 80 N.E.3d 417, ¶ 13, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Further, an extraordinary writ of mandamus may only be used where a relator has no other adequate remedy in the ordinary course of the law. *Id.* Finally, a writ of mandamus may not be used to control judicial discretion. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 12, citing *State ex rel. Rashada v. Pianka,* 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3.

{¶ 6} The present matter is before this court on respondent's motion for summary judgment. According to Civ.R. 56(C), summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and * * * that conclusion is adverse to [the nonmoving] party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

## A. Right to Relief and a Clear Legal Duty

{¶ 7} In order to succeed, relator must establish that he has a clear right to the requested relief and respondent has a clear legal duty to provide that relief. According to the complaint, relator seeks to have respondent vacate any period of

postrelease control that respondent has previously imposed in an underlying criminal case. Relator has not identified any legal right he has to that requested relief or any legal duty that would require respondent to vacate a period of postrelease control that was imposed in the underlying criminal case. Relator only argues that respondent imposed a maximum term of imprisonment. The certified copy of the sentencing entry, authenticated by affidavit and attached to respondent's motion for summary judgment, indicates that relator did not receive a maximum sentence. But even if relator had received a maximum prison sentence, he is still subject to postrelease control.

{¶ 8} The sentencing entry attached to respondent's motion to dismiss contains a notification of a mandatory five-year period of postrelease control and the potential consequences of violating the terms of postrelease control. A trial court has no discretion to impose or not impose postrelease control for the first-degree-felony offenses of which relator was convicted. R.C. 2967.28(B) provides:

> Each sentence to a prison term, other than a term of life imprisonment, for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. *This division applies with respect to all prison terms of a type described in this division,* including a term of any such type that is a risk reduction sentence. If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, *the failure of a sentencing court to notify the offender pursuant to division (B)(2)(d) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory*

*period of supervision that is required for the offender under this division.* This division applies with respect to all prison terms of a type described in this division, including a non-life felony indefinite prison term.

(Emphasis added.)

{¶ 9} Under the statute, relator's sentence is one that required a period of postrelease control. Respondent had a duty to inform relator of postrelease control during a criminal sentencing hearing. *See State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610. Relator does not allege that postrelease control was not validly imposed. He states, without support, that it must be vacated because he received a maximum sentence.

{¶ 10} Relator's citation in his complaint to several cases without explanation do not provide support for his claim. He cited a case that held that relief in habeas corpus was not available to challenge the proper calculation of jail-time credit. *Heddleston v. Mack*, 84 Ohio St.3d 213, 702 N.E.2d 1198 (1998). He also cited inapposite cases that do not deal with the issues raised in this action. *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982) (an appeal involving constructive versus actual possession of stolen property); *State v. Messer*, 107 Ohio App.3d 51, 667 N.E.2d 1022 (9th Dist.1995) (an appeal involving the operability of a firearm for proof necessary for a firearm specification, exclusion of testimony, and double jeopardy related to a separate period of incarceration for a firearm specification); and *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 (an appeal holding sentencing statutes unconstitutional that required judicial

factfinding for the imposition of sentences greater than the minimum), *superseded by statute as recognized by State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 35-36. These cases do not provide any basis for the requested relief.

{¶ 11} Therefore, respondent has no legal duty — in fact no authority — to relieve relator from any period of postrelease control included in the sentencing entry. Relator has not identified any source of authority or duty for respondent to vacate postrelease control. Relator is not entitled to a writ of mandamus.

### B. Adequate Remedy at Law

{¶ 12} A writ of mandamus will not issue where a relator possesses or possessed an adequate remedy at law, such as appeal. *State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430. "For a remedy at law to be adequate, the remedy should be complete in its nature, beneficial and speedy." *State ex rel. Liberty Mills, Inc. v. Locker*, 22 Ohio St.3d 102, 104, 488 N.E.2d 883 (1986), citing *State ex rel. Merydith Constr. Co. v. Dean*, 95 Ohio St. 108, 123, 116 N.E. 37 (1916). Appeal from final judgment generally constitutes an adequate remedy at law. *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 248-249, 594 N.E.2d 616 (1992).

{¶ 13} Here, respondent attached a certified copy of relator's sentencing entry from his underlying criminal case that was journalized on January 16, 2014. In that entry, respondent imposed a five-year period of postrelease control. If that period of postrelease control was imposed in error, relator could have challenged it on direct appeal. Therefore, relator possessed an adequate remedy at law to

challenge the alleged error he now seeks to address in an action for an extraordinary writ.[4] This is not the rare case where extraordinary relief is required because relator possesses or possessed no other adequate remedy.

### C. The Complaint is Procedurally Defective

{¶ 14} Relator's complaint is also procedurally defective, requiring the denial of the requested relief. The complaint indicates that relator is currently an inmate in a state correctional institution. As such, he must comply with R.C. 2969.25 when filing a civil action or appeal from a civil action against a governmental agency or employee. R.C. 2969.25(A).

{¶ 15} R.C. 2969.25(C) requires an inmate who wishes to waive the filing fee when initiating an action against a governmental agency or employee to file an affidavit of indigency and an affidavit from the cashier of the state correctional institution certifying the balance in the inmate account for the proceedings six months. Relator did not pay the filing fee and attached an affidavit of indigency to his complaint. However, relator did not attach an affidavit from the institutional cashier. Relator attached an affidavit, which appears to be such a notarized statement, but the affidavit is signed by relator, not by the institutional cashier. The signature line of the affidavit is labeled as "signature of authorized officer."

---

[4] A review of the docket of the underlying case shows that relator filed a motion to terminate postrelease control on June 27, 2023. Respondent denied the motion on July 6, 2023. Relator does not address why the filing of this motion and appeal from an adverse ruling does not also constitute an adequate remedy at law, which would also preclude relief in mandamus.

However, this line bears relator's signature, not that of the institutional cashier or authorized representative of the institutional cashier. Therefore, relator has not strictly complied with R.C. 2969.25(C). Strict compliance is necessary. *State ex rel. Ellis v. Wainwright*, 157 Ohio St.3d 279, 2019-Ohio-2853, 135 N.E.3d 761, ¶ 7.

{¶ 16} For these reasons, respondent's motion for summary judgment is granted. Relator's request for writ of mandamus is denied. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 17} Writ denied.


_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR